JUAN DALMAU, demandante y apelado, *v.* RAMÓN QUIÑONES DELGADO y su esposa MARÍA TERESA QUIÑONES, demandados y apelantes.

Número 11406.

*Sometido:* 1 de junio de 1955.   *Resuelto:* 28 de julio de 1955.

*Yamil Galib Frangie* y *Rafael D. Milán Padró,* abogados de los apelantes; *Lorenzo Lagarde Garcés* y *Carlos E. Colón,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del Tribunal.

Juan Dalmau instó demanda reclamándole a Ramón Quiñones Delgado y a su esposa María Teresa Quiñones la suma de $15,080.73, que alegadamente éstos le adeudan por con-

cepto de servicios por él prestados, más las costas y $1,500 de honorarios de abogado. Alegó en síntesis: que los demandados contrataron sus servicios para administrar tres fincas rústicas, obligándose a pagarle como compensación por su servicios la cantidad de $25 semanales más un 20% de los beneficios netos que produjeran dichas fincas durante los años en que prestara sus servicios; que de acuerdo con lo convenido empezó a prestar los indicados servicios a los demandados el día 8 de julio de 1948 y los estuvo prestando continuamente hasta el día 23 de agosto de 1952; que le fué satisfecha la suma semanal de $25 acordada, pero que no se le ha pagado suma alguna por concepto del 20% de los beneficios de las tres fincas; y que durante los años 1949, 1950, 1951 y 1952 las referidas fincas produjeron beneficios montantes a $75,403.65.

Luego de trasladarse el caso al Tribunal Superior, Sala de Mayagüez, (a) los demandados radicaron su contestación, que fué enmendada en el acto de la conferencia anterior al juicio (*pretrial conference*) llevada a cabo el día 8 de junio de 1953. En su contestación enmendada los demandados aceptaron haber requerido los servicios del demandante, así como que éste prestó los mismos tal cual se alega en la demanda; pero negaron que hubieran convenido pagar al demandante un 20% de los beneficios obtenidos en las fincas y que éstas produjeran durante los años en cuestión los beneficios alegados en la demanda. Alegaron asimismo que los servicios prestados por el demandante le habían sido compensados en su totalidad, mediante el pago de sueldos y bonificaciones.

En la conferencia anterior al juicio las partes convinieron en litigar ante el tribunal a quo "únicamente los términos del contrato de servicios convenido verbalmente entre el demandante y el demandado, acordando someter a un *master* la determinación de los beneficios obtenidos por el demandado durante los años 1949 a 1952, en las fincas administradas por el demandante." De conformidad con lo convenido, se llevó a

(a) La demanda se radicó originalmente en la Sala de Ponce.

cabo una extensa vista ante el tribunal a quo con el fin de considerar exclusivamente la controversia sobre los términos del contrato de servicios. Interpretando los términos de ese contrato, el tribunal inferior llegó a la conclusión de que el demandante tenía derecho al 20% de los beneficios obtenidos por los demandados en las fincas en cuestión durante los años agrícolas 1948–1949, 1949–1950, 1950–1951, 1951–1952. Procedió entonces a dictar sentencia al efecto, dejando para ulterior determinación la cantidad que tendría derecho a recibir el demandante por concepto del 20%. Esa sentencia lee como sigue:

"El Tribunal, por los fundamentos de hecho y de derecho consignados en su Relación del Caso y Conclusiones de esta fecha, dicta sentencia con los siguientes pronunciamientos: 1.—Se declara CON LUGAR la demanda y en su consecuencia se condena al demandado Ramón Quiñones Delgado y a la sociedad de gananciales constituída entre él y su esposa María Teresa Quiñones a liquidar y pagar al demandante Juan Dalmau la suma que represente el veinte por ciento (20%) de los beneficios obtenidos por las fincas a que se contrae este pleito, o sea las fincas de los esposos demandados en las jurisdicciones de Guayama, Patillas y Maunabo, durante los años agrícolas 1948–1949, 1949–50, 1950–51, y 1951–52, o sea en las zafras de 1949, 1950, 1951 y 1952; 2.—Las partes quedan notificadas para comparecer en corte abierta en la sesión del segundo lunes después que sea firme esta sentencia, a las 9:00 A.M., en que se designará un *master*, en la forma de ley, para recibir la evidencia necesaria y rendir en su día el correspondiente informe en relación con la liquidación y determinación de los beneficios obtenidos por las referidas fincas a que se contrae este pleito, durante el referido período de su administración por el demandante, a los fines de liquidar y pagar a éste el veinte por ciento (20%) que le corresponde en dichos beneficios, si algunos; 3.—Se condena al demandado Ramón Quiñones Delgado y a la sociedad de gananciales constituída entre él y su esposa María Teresa Quiñones a pagar al demandante las costas, gastos y desembolsos incurridos por éste en el pleito, más la suma de mil dólares ($1,000) para honorarios de su abogado."

Los demandados apelaron. En su alegato imputan al tribunal a quo la comisión de siete errores. El primero de ellos es al efecto de que "erró el tribunal a quo al dictar sentencia en forma contraria a la dispuesta por la Regla 54(*b*) de las de Enjuiciamiento Civil."

■■ Dicho señalamiento sugiere la posibilidad de que este Tribunal no tenga jurisdicción para conocer del recurso. Sin embargo, sea ello como fuere, ésa es cuestión que puede ser suscitada *sua sponte* por nosotros. De no tenerla, lo único que podemos hacer es así declararlo y desestimar la apelación. *Autoridad Sobre Hogares* v. *Sagastivelza*, 71 D.P.R. 436; *Román* v. *Figueroa*, 73 D.P.R. 875; *Ponce* v. *F. Badrena e Hijos, Inc.*, 74 D.P.R. 225, 249.

■■ De acuerdo con el art. 295 del Código de Enjuiciamiento Civil,(¹) en casos como el de autos, originados en el Tribunal Superior, puede apelarse ante este Tribunal solamente de una "sentencia definitiva" (*final judgment*) pronunciada en un pleito o procedimiento especial, así como de las providencias y sentencias interlocutorias específicamente enumeradas en el inciso tercero de dicho artículo.(²) En el presente caso la sentencia dictada por el tribunal a quo sería apelable solamente si fuese definitiva, ya que no se trata aquí

---

(¹) El art. 295, supra, dispone:

"Podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito en los casos siguientes:

"1. De una sentencia definitiva pronunciada en un pleito o procedimiento especial, comenzando en la corte que la hubiere dictado, dentro de un mes después de haberse registrado la sentencia.

". . . . . . . . .

"3. De una providencia concediendo o denegando un nuevo juicio; concediendo o anulando un *injunction;* negándose a conceder o anular un *injunction;* anulando o negándose a anular un embargo; concediendo o negándose a conceder un cambio de lugar para la celebración del juicio; de una providencia especial dictada después de una sentencia definitiva; y de una sentencia interlocutoria en pleitos sobre partición de propiedad real, dentro de los diez días de dictada la providencia o sentencia interlocutoria y de anotada la misma en el libro de actas de la corte o de archivada en la secretaría."

(²) Véanse el art. 35 de la Ley núm. 432 de 15 de mayo de 1950 (págs. 1127 y 1143) y el art. 14 de la Ley núm. 11 de 24 de julio de 1952 (Ses. extr., pág. 31).

de uno de los casos enumerados en el inciso tercero, supra. *David* v. *Goodman*, 200 P.2d 568, 570; *Bakewell* v. *Bakewell*, 130 P.2d 975, 978.

La jurisprudencia de California interpretando el art. 963 del Código de Enjuiciamiento Civil de ese Estado, que es sustancialmente igual a nuestro art. 295, ha dicho que una sentencia es definitiva cuando resuelve el caso en sus méritos y termina el litigio entre las partes, en tal forma que no queda pendiente nada más que la ejecución de la sentencia. (3) *Doudell* v. *Shoo*, 114 Pac. 579, 581; *Gianelli* v. *Briscoe*, 181 Pac. 105, 107; *David* v. *Goodman*, supra; *Bakewell* v. *Bakewell*, supra. Véanse también *Catlin* v. *United States*, 324 U. S. 229, 89 L. Ed. 911, 916, y *Audi Vision Inc.* v. *R.C.A. Mfg. Co.*, 136 F. 2d 621, 147 A.L.R. 574.

██ Lo dicho en los casos anteriormente citados sobre cuándo es definitiva una sentencia es aplicable en Puerto Rico como regla general. *Rieder* v. *Torruella*, 48 D.P.R. 866, 877; *Basora* v. *Padilla*, 61 D.P.R. 423, 424. Sin embargo, la Regla 54 (*b*) de las de Enjuiciamiento Civil permite dictar sentencias definitivas en ciertos casos, aun cuando no queden resueltas todas las cuestiones en controversia. Véanse: 49 Yale L. J. 1476; Moore's *Federal Practice*, 2da ed., Vol 6, sec. 54.20, pág. 162. Dicha Regla es igual a la Regla 54 (*b*) de Enjuiciamiento Civil Federal, según estaba redactada antes de ser enmendada en el año 1946, y dice como sigue:

"(*b*) *Sentencia en Distintas Etapas.—Cuando en una acción se presenten varias reclamaciones*, la corte en cualquier etapa de la misma, al determinar los puntos esenciales de una recla-

---

(3) La determinación final de un tribunal en cuanto a una cuestión colateral que no afecta las principales cuestiones en litigio se ha reconocido también en California como una sentencia definitiva a los efectos del art. 295. Véanse *Union Oil Co. of California* v. *Reconstruction Oil Co.*, 51 P.2d 81, 82; *Colma Vegetable Ass'n* v. *Superior Court*, 242 Pac. 82, 83; *Carradine* v. *Carradine*, 171 P.2d 911. No obstante, esta cuestión no tiene importancia en el caso de autos, ya que la determinación del tribunal a quo no fué sobre una cuestión colateral y sí sobre una que afecta la principal cuestión en litigio.

mación específica y de todas las reconvenciones que surjan de la transacción o evento que sean objeto de la reclamación, *podrá dictar sentencia sobre dicha reclamación. La sentencia pondrá término a la acción en lo que se refiere a la reclamación así resuelta, y la acción continuará en cuanto a las reclamaciones restantes.* En el caso de que se dicte una sentencia por separado, la corte podrá mediante orden suspender su ejecución hasta que se dicten una o más sentencias subsiguientes y podrá prescribir las condiciones que sean necesarias para garantizar el beneficio de la misma a la parte en cuyo favor se dictó la sentencia." (Bastardillas nuestras.)

En el presente caso, sin embargo, sólo está envuelta una reclamación, y la llamada sentencia del tribunal inferior únicamente resuelve parte de la misma, ya que no determina la suma de dinero, de haberla, que tiene derecho a recibir el demandante por concepto de su participación en los beneficios de las fincas. *Petrol Corporation* v. *Petroleum Heat & Power Co.*, 162 F.2d 327; *Leonidakis* v. *International Telecoin Corp.* 208 F.2d 934. Véanse también, *Reeves* v. *Beardall*, 316 U. S. 283, 285; *Canister* v. *National Can Corp.*, 163 F.2d 683, 684; Moore's *Federal Practice*, Vol. 6, sec. 54.24, pág. 190. En vista de ello, debemos concluir que la regla 54 *(b)* no es aplicable al caso de autos. Así lo admite el apelado. Dicha regla de acuerdo con sus términos expresos, puede aplicarse solamente en casos en que estén envueltas dos o más reclamaciones y no una sola, como en este caso. *Reeves* v. *Beardall*, supra; *Pabellon* v. *Grace Line*, 191 F.2d 169, 174, *certiorari* denegado 342 U. S. 893; Moore's, ob. cit., vol. 6, sec. 54.33, pág. 238. Es evidente que esa regla no convierte en definitiva una determinación parcial de una reclamación. Moore's, ob. cit., vol. 6, sec. 54.23, págs. 169, 171; *Canister* v. *National Can Corp.*, supra.

También es claro que la determinación del tribunal a quo no constituye una sentencia definitiva de acuerdo con la regla general que mencionamos anteriormente. Esa determinación no resuelve todas las cuestiones en controversia. El hecho de que de acuerdo con la llamada sentencia del tribunal

a quo deban sometérsele a un comisario especial *(master)* determinadas cuestiones, conforme a lo dispuesto en la Regla 53 de Enjuiciamiento Civil, no altera en forma alguna la situación. Véanse *McGourkey* v. *Toledo & Ohio Railway*, 146 U. S. 536; *Leonidakis* v. *International Telecoin Corp.*, supra; Moore's, ob. cit., vol. 6, sec. 54.13, pág. 124. El caso de *Mc Gourkey*, supra, se expresa a la página 545 en el sentido de que si un tribunal dicta un decreto y refiere el caso a un comisario especial para que éste realice alguna gestión de carácter ministerial, sin tenerse la intención de llevar a cabo procedimiento adicional alguno en corte, dicho decreto constituye una sentencia definitiva; pero si se refiere el caso al comisario especial para un propósito de carácter judicial en relación con el cual deba dictarse un decreto adicional, el decreto original no equivale a una sentencia definitiva. La sentencia del tribunal en este caso fué al efecto de que se designaría un comisario especial "para recibir la evidencia necesaria y rendir en su día el correspondiente informe en relación con la liquidación y determinación de los beneficios obtenidos por las referidas fincas a que se contrae este pleito durante el referido período de su administración por el demandante a los fines de liquidar y pagar a éste el veinte por ciento (20%) que le corresponde en dichos beneficios, si algunos." No se trata aquí del caso en que el comisario especial va a llevar a cabo gestiones de carácter puramente ministerial. Por tanto, la sentencia dictada por el tribunal a quo no constituye una sentencia definitiva a la luz del caso de *McGourkey*.

■■ El apelado sostiene que el tribunal a quo podía dictar una sentencia definitiva en este caso en virtud de la Regla 42(*b*) de Enjuiciamiento Civil.(⁴) No hay duda de que el

---

(⁴) Regla 42(*b*)

"*Juicio pr Separado.*—La corte, por razón de conveniencia, podrá ordenar un juicio por separado de cualquier reclamación, reclamación recíproca, reconvención o reclamación de tercero, o de cualquier controversia por separado, o de cualquier número de reclamaciones, reclamaciones recíprocas, reconvenciones, reclamaciones de tercero o controversias."

tribunal inferior tenía autoridad en virtud de dicha regla para llevar a cabo un juicio por separado con el fin de determinar la controversia sobre los términos del contrato de servicios, aun cuando dicha controversia no constituyera una reclamación separada. Moore's, ob. cit., Vol. 5, sec. 42.03, pág. 1211. Según dijimos en *Muñoz* v. *Tribunal de Distrito*, 72 D.P.R. 842, 846:

"Si bien la consolidación de las controversias y la celebración de una sola vista para conocer de una vez de todas las cuestiones en disputa constituyen la regla general, existen, sin embargo, excepciones. Una de esas excepciones precisamente la constituyen aquellos casos en que la resolución de determinada cuestión de derecho pone fin al caso, evitándose así la celebración de un prolongado juicio sobre todas las cuestiones en controversia."

Sin embargo, la disposición en cuestión (Regla 42(*b*)) no autoriza en forma alguna a un tribunal para dictar sentencia definitiva resolviendo *parcialmente* una reclamación. Véase: *Canister* v. *National Can Corp.*, supra. Eso fué precisamente lo que pretendió hacer el tribunal en el caso de autos. En efecto la Regla 42(*b*) no autoriza a que se dicte sentencia separada en los casos en que de acuerdo con sus términos se puede llevar a cabo un juicio por separado. *Cf. Reeves* v. *Beardall*, supra. La Regla 54(*b*) es la que, complementando lo dispuesto en la Regla 42(*b*), permite que las cortes, en ciertos casos, dicten sentencias por separado—*Acevedo* v. *Corte*, 70 *D.P.R.* 94; Moore's ob cit., Vol. 6, sec. 54.22, pág. 168—. Esta Regla (la 54(*b*)), como vimos anteriormente no es aplicable en este caso.

██ Sostiene también el demandante-apelado que los demandados están impedidos de levantar la falta de autoridad del tribunal inferior para dictar sentencia definitiva en este caso por razón de haber ellos estipulado que en la vista ante el tribunal a quo solamente se ventilaría la controversia relativa a los términos del contrato de servicios y que se sometería a un comisario especial la controversia sobre los beneficios obtenidos en las fincas. La contención es claramente frívola,

ya que la estipulación en cuestión en forma alguna podía autorizar al tribunal a quo a dictar una sentencia definitiva resolviendo parcialmente la reclamación envuelta en el caso de autos.

En vista de las anteriores consideraciones y de que no hay disposición alguna en virtud de la cual pueda considerarse como sentencia definitiva la determinación del tribunal inferior, carecemos de jurisdicción para conocer del presente recurso. *Sherman* v. *Lewis,* 137 Pac. 249; *Rossi* v. *Caire,* 209 Pac. 374; *David* v. *Goodman,* supra; *Burkhart* v. *United States,* 210 F.2d 602.

*Se desestima el recurso, sin perjuicio de que al apelarse de la sentencia definitiva que en su día se dicte en los méritos del caso las partes puedan plantear, en relación con la determinación que es objeto de la presente opinión, las cuestiones que a su juicio procedan.*

El Juez Asociado Sr. Pérez Pimentel no intervino.