504

GREGORIO CORTÉS ROMÁN, demandante y recurrido, v. ESTADO LIBRE ASOCIADO DE PUERTO RICO y VÍCTOR CARRERO FIGUEROA, demandados y recurrentes.

*Número:* R-76-374     *Resuelto:* 18 de noviembre de 1977

*Justo Gorbea Varona* y *Roberto Armstrong, Jr., Procuradores Generales Interinos* y *Maggie Correa Avilés, Procuradora General Auxiliar,* abogados de los demandados-recurrentes; *Cancio & Cancio,* abogados del demandante-recurrido.

El Juez Asociado Señor Martín emitió la opinión del Tribunal.

Esta es una reclamación de daños y perjuicios contra el Estado como consecuencia de un accidente en que el peatón demandante fue arrollado por un automóvil propiedad del Estado. En la contestación a la demanda, además de negar responsabilidad, el Estado planteó la falta de notificación ([1]) del reclamante al Secretario de Justicia y dentro del término de noventa días dispuesto en la Sec. 3077a del Tít. 32 de las Leyes de Puerto Rico Anotadas. A instancias del Estado se dividió el juicio en dos etapas. La primera, para discutir la defensa del Estado de falta de notificación y también el aspecto de negligencia. La segunda, para la determinación de los daños sufridos por el demandante.

En la vista celebrada para argumentar la defensa de falta

---

([1]) El accidente ocurrió el 7 de mayo de 1973. La notificación al Secretario de Justicia se hizo el 4 de marzo de 1974, o sea, a los 301 días de ocurrido el accidente. La demanda fue instada a los 30 días después de la notificación. Debe señalarse que los abogados del demandante asumieron su representación luego de transcurrido el término de ley para la referida notificación.

de notificación el demandante sostuvo como cuestión de derecho que la existencia de una póliza de responsabilidad pública, en vigor a la fecha en que ocurrió el accidente, le eximía del requisito de notificación al Secretario de Justicia dentro de los noventa días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama. Invocó en su apoyo el inciso (e) de la aludida Sec. 3077a que dispone lo siguiente:

"(e) No podrá iniciarse acción judicial de clase alguna contra el Estado Libre Asociado de Puerto Rico por daños causados por la culpa o negligencia de aquél, si no se hubiese efectuado la notificación escrita en la forma y manera y dentro de los plazos prescritos en esta sección, a menos que no haya mediado justa causa para ello. *Esta disposición no será aplicable a los casos en que la responsabilidad del Estado esté cubierta por una póliza de seguro.*" (Énfasis suplido.)

En la alternativa, el demandante adujo justa causa para no haber notificado al Secretario de Justicia dentro del término de ley alegando que "la tardanza en hacer esta notificación no se debe a negligencia, falta de interés de mi parte, sino que se debe a que ha mediado justa causa para ello."

El tribunal de instancia favoreció la posición del demandante al resolver que el citado inciso (e) exime al reclamante de notificar al Estado por estar la responsabilidad de éste cubierta por una póliza de seguro. En cuanto a la alegación de justa causa el tribunal a quo se negó a oír la prueba ofrecida por el demandante para sostener su posición, por entender que su resolución del planteamiento de derecho a favor del demandante hacía innecesaria la presentación de prueba. También adjudicó el juzgador la cuestión de negligencia en contra del Estado. En su consecuencia dictó "sentencia parcial" que puso fin a las dos cuestiones suscitadas, y dejó pendiente para una vista futura la determinación de los daños y perjuicios sufridos por el demandante.

El Estado acudió ante nos de la "sentencia parcial" mediante *certiorari*, presentado a los 101 días después de haber

sido registrada en autos dicha sentencia parcial, solicitando que revisáramos la determinación adversa al Estado sobre el requisito de notificación.

Una vez rechazado el recurso el tribunal de instancia oyó prueba sobre el aspecto de daños y dictó sentencia en 20 de septiembre de 1976 condenando al Estado y al chofer codemandado a pagar solidariamente al demandante la suma total de $15,000 por todos los daños físicos y angustias mentales, más las costas e interés legal desde la fecha de la sentencia.

El Estado recurre ahora en revisión de la sentencia que puso fin al pleito y reproduce su planteamiento original al señalar como único error la determinación del tribunal de instancia al efecto de "que no era necesario notificar al Secretario de Justicia de la reclamación contra el Estado Libre Asociado dentro del término de . . . [ley] . . . por estar cubierta la responsabilidad del Estado por una póliza de seguro."

El demandante recurrido por su parte solicita la desestimación del recurso por el fundamento de que la "sentencia parcial" dictada en 28 de noviembre de 1975 y archivada en autos el 8 de diciembre de 1975 advino final y firme en 7 de enero de 1976, resultando tardío el recurso de *certiorari* presentado en 19 de marzo de 1976. Alega pues que carecemos de jurisdicción para considerar ahora por vía de revisión el mismo planteamiento que fue objeto del *certiorari* que denegamos. Arguye el demandante recurrido, por ende, que la "sentencia parcial", al advenir final y firme en 7 de enero de 1976 "tenía la autoridad de cosa juzgada, constituyendo la 'Ley del caso'." No tiene razón el recurrido por las razones que expondremos más adelante.

En vista de los argumentos expuestos en dicha Moción de Desestimación solicitamos de las partes que nos ilustraran, entre otras cosas, sobre lo siguiente:

". . . si la 'sentencia parcial' dictada por el tribunal de instancia en 28 de noviembre de 1975 participa de la naturaleza de

'*final* y firme', a pesar de no haber adjudicado la totalidad del pleito, y por consiguiente si el término de revisión debe comenzarse a contar desde que fuera dicha 'sentencia parcial' archivada y registrada en autos, o si el término de revisión debe computarse desde que se archiva y registra en autos la sentencia que *finalmente* dispone de la reclamación al adjudicarse los daños . . . ."

## I

La Sec. 14 de la Ley Núm. 11 de 24 de julio de 1952, que provee para la revisión de las decisiones del Tribunal de Primera Instancia por el Tribunal Supremo, dispone que las sentencias *finales* del Tribunal Superior (que no sean las apelables como cuestión de derecho), podrán ser revisadas, a solicitud de la parte agraviada, por el Tribunal Supremo mediante auto de revisión a ser librado discrecionalmente. 4 L.P.R.A. sec. 37(b). ¿Qué constituye una sentencia final?

■ El alcance del término "sentencia" según se usa en las Reglas de Procedimiento Civil incluye una resolución y cualquier orden de la cual pueda apelarse. 32 Ap. II, R. 44.1. Por otro lado provee el mismo cuerpo legal que toda sentencia concederá el remedio a que tenga derecho la parte a cuyo favor se dicte, aun cuando ésta no haya solicitado tal remedio. *Id.* R. 44.3. La referida Regla 44 procede del Art. 188 del Código de Enjuiciamiento Civil de 1933 que definía la sentencia como "la decisión definitiva sobre los derechos de las partes en un pleito o procedimiento." Al interpretar lo que constituye una sentencia final hemos expresado que una sentencia es final si resuelve los méritos de la controversia, o los derechos de las partes, sin dejar nada para una futura determinación. Véase *Rieder* v. *Torruella*, 48 D.P.R. 866, 871 (1935). También hemos dicho que como regla general "una sentencia es definitiva cuando resuelve el caso en sus méritos y termina el litigio entre las partes, en tal forma que no queda pendiente nada más que la ejecución de la sentencia." Véase *Dalmau* v. *Quiñones*, 78 D.P.R. 551, 556 (1955).

■ En ciertos casos provistos en las Reglas de Procedimiento Civil, los tribunales están autorizados a dictar sentencias definitivas aun cuando no queden resueltas todas las cuestiones en controversia. R. 44.2. La referida Regla 44.2 es similar a la anterior 54(b) de las de Enjuiciamiento Civil de 1943, y reza como sigue:

"44.2 Cuando un pleito comprenda *más de una reclamación*, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra tercero, el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones, pero no en cuanto a la totalidad de ellas, siempre que concluya expresamente que no existe razón para posponer el dictar sentencia sobre tales reclamaciones hasta la resolución total del pleito, y siempre que ordene expresamente que se registre sentencia. En ausencia de la referida conclusión y orden expresa, cualquier orden o cualquier otra forma de decisión, no importa cómo se denomine, que adjudique menos del total de las reclamaciones, no terminará el pleito con respecto a ninguna de las reclamaciones y la orden u otra forma de decisión estará sujeta a reconsideración por el tribunal que la dicte en cualquier momento antes de registrarse sentencia adjudicando todas las reclamaciones." 32 L.P.R.A. Ap. II, R. 44.2.

En el caso de *Dalmau*, supra, al interpretar la Regla 54(b) de 1943, que según queda dicho es similar a la 44.2 de 1958, establecimos la diferencia existente entre la determinación parcial de una sola reclamación y la de varias reclamaciones múltiples, y resolvimos que dicha Regla 54(b) solamente aplicaba a casos en que había envueltas dos o más reclamaciones, y que por consiguiente esa Regla no convierte en definitiva una determinación parcial de una sola reclamación.(²) *Dalmau* v. *Quiñones*, pág. 557, véase Wright &

---

(²) La Regla federal 54(b) que equivale a nuestra Regla 44.2 no era aplicable a pleitos que envolvían una sola reclamación. En 1961 el texto de la regla federal fue enmendado a los fines de que en casos de una sola reclamación que incluyeran varias partes pueda dictarse sentencia con respecto a una de las partes envueltas. Moore, *Federal Practice*, vol. 6, sec. 54.33, Second Edition (1976). Nuestra Regla 44.2 permanece inalterada desde 1958.

Miller, *Federal Practice and Procedure,* vol. 10, sec. 2657 y sig.

■ En el caso de autos que envolvía una sola reclamación la "sentencia parcial" dictada en la primera etapa del pleito resolvió algunas de las cuestiones en controversia pero no la totalidad de la reclamación. El pleito fue fraccionado a solicitud del Estado, a los únicos fines de limitar la primera etapa a la adjudicación de la controversia sobre la notificación al Secretario de Justicia y la cuestión de negligencia. Aun si las partes hubieren estipulado que primeramente se ventilarían algunos aspectos de la reclamación dejando para dilucidar luego otras cuestiones de la misma reclamación, tal acuerdo no podría facultar al tribunal a dictar una sentencia definitiva resolviendo parcialmente la reclamación. Véase *Dalmau* v. *Quiñones,* pág. 560. Quedaría aún sin resolver el remedio a que tenía derecho el demandante, esto es, la cuantía de daños. Mientras no se resuelva este último aspecto la sentencia no puede ser final([3]) por no ser aún ejecutable. Podría darse el caso inclusive de que no se probaran daños, convirtiéndose en ilusoria la sentencia parcial.

El demandante invoca la Regla 38.2 de las de Procedimiento Civil para demostrar que el tribunal de instancia tiene facultad para dictar una "sentencia parcial" que puede ser considerada como final y por ende sujeta a revisión. El texto de dicha Regla es el siguiente:

"El tribunal, por razón de conveniencia, o para evitar perjuicio, podrá ordenar un juicio por separado de cualquier demanda, demanda contra coparte, reconvención, demanda contra tercero, o de cualquier cuestión litigiosa independiente, o de cualquier número de demandas, demandas contra copartes, reconvenciones, demandas contra tercero o cuestiones litigiosas y podrá dictar sentencia de acuerdo con lo dispuesto en la Regla 44.2." 32 Ap. II, R. 38.2.

---

([3]) Véase *Barrientos* v. *Gob. de la Capital,* 97 D.P.R. 552, 573 (1969).

■ No hay duda de que la citada Regla 38.2 faculta al tribunal para ordenar, por razón de conveniencia o para evitar perjuicio, un juicio por separado de cualquier cuestión litigiosa independiente y podrá dictar sentencia de acuerdo con lo dispuesto en la Regla 44.2. Precisamente en esa Regla 38.2 el tribunal de instancia encontró apoyo para ventilar separadamente la cuestión de la notificación y el aspecto de negligencia. Pero, la facultad que reconoce la Regla 38.2 al tribunal para fraccionar las cuestiones litigiosas independientes, no se extiende a dictar sentencias finales sobre dichas cuestiones ya que la propia Regla 38.2 limita el poder de dictar sentencia a los casos que envuelven más de una reclamación. Al proveer la Regla 38.2 sobre la sentencia que habrá de dictarse se refiere expresamente a las sentencias que pueden dictarse bajo las disposiciones de la Regla 44.2. El caso de *Dalmau* se resolvió bajo el texto de la anterior Regla 42(b) de 1943, equivalente a la actual Regla 38.2, que aún no contenía el regatón añadido en 1958 con referencia a la Regla 44.2 al efecto de que el tribunal ". . . podrá dictar sentencia de acuerdo con lo dispuesto en la Regla 44.2." Sin embargo, en *Dalmau*, aunque no existía dicho regatón interpretamos conjuntamente las entonces vigentes Reglas 42(b) y 54(b) y resolvimos que la interacción de ambas reglas tenía el efecto de limitar el poder de los tribunales para dictar sentencias finales solamente en casos que comprendían más de una reclamación.

■ Un somero examen del texto de la actual Regla 44.2 revela el poder de los tribunales para dictar sentencias finales en cuanto a una o más reclamaciones cuando un pleito comprenda más de una reclamación si el tribunal concluye expresamente que no existe razón para posponer el dictar sentencia sobre dichas reclamaciones hasta la resolución total del pleito, y siempre que ordene expresamente que se registre sentencia. Provee además, sin embargo, que cualquier otra decisión que no sean las allí mencionadas (*i.e.* los pleitos que en-

vuelven una sola reclamación), que adjudique menos del total de las reclamaciones no terminará el pleito con respecto a ninguna de las reclamaciones. En otras palabras, si hay más de una reclamación en el mismo pleito el tribunal puede adjudicar una o más de ellas, pero no lo faculta a adjudicar parte de una sola reclamación.

Es conveniente señalar que lo que está planteado ante nosotros es si la adjudicación de la controversia relativa a la defensa de falta de notificación al Secretario de Justicia bajo las disposiciones de la Sec. 3077a del Tít. 32 constituye una sentencia final de la cual debió apelar el Estado. Habiendo sido adversa al Estado dicha adjudicación el pleito no podía tener finalidad, sino que constituyó una resolución interlocutoria de la cual no venía obligado a apelar el Estado hasta que no se resolviera la totalidad del pleito. Y más aún, por tratarse de una sola reclamación y no varias reclamaciones múltiples, la sentencia no advenía final hasta que se adjudicaran los daños. Véase *Barrientos*, supra, pág. 573.

En vista de lo expuesto resolvemos que al adjudicarse los daños con respecto a la reclamación envuelta el tribunal puso fin al pleito, convirtiéndose entonces en ejecutable la sentencia dictada. Por ello las partes pueden plantear ahora en revisión cualesquiera de las adjudicaciones parciales dictadas previamente por el tribunal de instancia, incluyendo la cuestión sobre la notificación requerida por la Sec. 3077a del Tít. 32 de las Leyes de Puerto Rico Anotadas.

## II

Examinemos ahora los méritos de la defensa de falta de notificación planteada por el Estado y declarada sin lugar por el Tribunal Superior.

La Sec. 3077a del Título 32 de las Leyes de Puerto Rico Anotadas dispone que toda persona que tenga reclamaciones de cualquier clase por daños a la propiedad, causados

por la culpa o negligencia del Estado deberá presentar una notificación al Secretario de Justicia de la causa y la naturaleza general de los daños sufridos, dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama. Reiteradamente hemos resuelto que el requisito de la notificación es uno de estricto cumplimiento. Véanse *Torres Figueroa* v. *E.L.A.*, 104 D.P.R. 673, 674 (1976); *E.L.A.* v. *Tribunal Superior*, 104 D.P.R. 160, 164 (1975); *Ruiz Millán* v. *Maryland Cas. Co.*, 101 D.P.R. 249, 250 (1973); *Insurance Co. of P.R.* v. *Ruiz*, 96 D.P.R. 175, 179 (1968); *García* v. *Northern Assurance Co.*, 92 D.P.R. 245, 248 (1965); *Mangual* v. *Tribunal Superior*, 88 D.P.R. 491 (1963).

El accidente en cuestión ocurrió el 7 de mayo de 1973 y no se le notificó oficialmente al Secretario de Justicia de la reclamación hasta el 4 de marzo de 1974, pasado en exceso el término de los 90 días. Alegó el demandante en la demanda que para la fecha en que ocurrió el accidente estaba en vigor una póliza de responsabilidad pública expedida por la Insurance Company of Puerto Rico, pero que no se incluía a esta compañía como demandada, ya que la misma había sido disuelta. Y sostuvo como cuestión de derecho que la mera existencia de la póliza le eximía de notificar al Estado dentro del término y en la forma y manera requerida por la Sec. 3077a. El propio Estado en su argumentación aceptó la existencia de dicha póliza a la fecha del accidente que cubría el riesgo en cuestión. Alegó, además, el demandante en su demanda que "la tardanza en hacer esta notificación no se debe a negligencia, falta de interés de mi parte, sino que se debe a que ha mediado justa causa para ello." El demandante ofreció presentar al tribunal prueba sobre la justa causa que medió para su incumplimiento con el requisito de notificación si es que el tribunal descartaba su planteamiento de derecho. El tribunal de instancia, sin embargo, al resolver la cuestión

de derecho a favor del demandante, expresó no ser necesario el ofrecer prueba sobre el extremo de justa causa.

Las partes fueron requeridas para que nos ilustraran sobre si el reclamante puede exigir responsabilidad directa del Estado, luego de transcurrir el término de noventa días de la ocurrencia del accidente, sin que hubiese notificado al Secretario de Justicia durante dicho término, amparándose en que tal notificación no es necesaria cuando existe una póliza de seguro que cubre el riesgo que motiva la reclamación.

En 1966 la Sec. 3077a fue objeto de enmiendas consistentes en la adición de las siguientes dos frases: "a menos que no haya mediado justa causa para ello" (refiriéndose a la falta de notificación) y que "esta disposición no será aplicable a los casos en que la responsabilidad del Estado esté cubierta por una póliza de seguro." En ausencia de pronunciamiento legislativo alguno sobre el alcance de dichas enmiendas debemos interpretarlas conjuntamente con las disposiciones concordantes del Código de Seguros, 26 L.P.R.A. secs. 2001–2004, relativas a la causa de acción separada que puede instarse contra el asegurado y la aseguradora.

■ La Sec. 3077a no es fuente de autorización para demandar directamente a la aseguradora del Estado. Tal derecho emana del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 2003, que estableció una causa de acción separada y distinta a la acción que por los mismos hechos puede llevarse contra el asegurado. Esta acción directa contra el asegurador es opcional para el reclamante en lugar de su acción contra la persona responsable del daño. Pero la Sec. 3077a establece los requisitos que deben cumplirse para instar reclamaciones contra el Estado. Específicamente provee su inciso (e) que de no haberse cursado la notificación al Secretario de Justicia en la forma y manera allí expresada, o a menos que hubiere justa causa para la inobservancia de los requisitos allí enumerados, no puede instarse acción al-

guna contra el Estado. El propio inciso (e) expresa que los requisitos en cuanto a notificación son inaplicables en los casos en que la responsabilidad del Estado esté cubierta por una póliza de seguro.

■ Esto quiere decir que no hay que cumplir con los requisitos de notificación si existe una compañía de seguros a quien pueda demandarse directamente. Al efecto hemos sostenido que por ser la acción contra la aseguradora separada e independiente de la acción contra el Estado, no puede la aseguradora utilizar la defensa personal del asegurado de falta de notificación al asegurado toda vez que dicha defensa rige exclusivamente para el beneficio y protección del Estado y no para beneficiar a los aseguradores. Véase *García* v. *Northern Assurance Co.*, supra, véanse además *González* v. *Caribbean Carriers Ltd.*, 379 F.Supp. 634 (1974); *Rodríguez* v. *Maryland Casualty Company*, 369 F.Supp. 1144 (1971); *Torres* v. *Interstate Fire and Casualty Company*, 275 F.Supp. 784 (1967).

■ La responsabilidad sustantiva de parte del asegurador hacia un perjudicado reconocida en el Código de Seguros, en nada se hizo depender de otra acción instada contra el asegurado. Véanse 26 L.P.R.A. sec. 2003; *Trigo* v. *The Travelers Ins. Co.*, 91 D.P.R. 868 (1965). La independencia de las dos acciones que tiene disponibles un perjudicado y el efecto que el ejercicio de la opción tiene sobre el posible éxito de su reclamación ha sido motivo de numerosas decisiones emitidas por este Tribunal. Véanse *Trigo*, supra, *García* v. *Northern Assurance Co.*, 92 D.P.R. 245 (1965); *Barrientos* v. *Gob. de la Capital*, 97 D.P.R. 552 (1969).

■ Podemos suponer que la elección hecha por un demandante al instar su reclamación determina los requisitos que vendrá obligado a cumplir y las defensas a que estará aquél sujeto. Si opta por demandar al Estado debe cumplir con el requisito de notificación previa o demostrar justa causa por su incumplimiento. No es necesario, sin embargo, cum-

plir con el requisito de notificación si la acción se trae directamente contra la aseguradora en virtud de una póliza de seguro que cubre la responsabilidad del Estado.

Por las consideraciones expuestas, *se expide el auto solicitado, se deja sin efecto la sentencia recurrida solamente en cuanto al Estado Libre Asociado de Puerto Rico, y se devuelven los autos a la Sala Sentenciadora para que el demandante tenga la oportunidad de ofrecer prueba sobre el extremo de justa causa que alega en su demanda y que no le fuera permitido ofrecer, y para cualesquiera otros procedimientos compatibles con lo aquí resuelto.*

Los Jueces Asociados Señores Dávila e Irizarry Yunqué concurren con el resultado, este último por entender que la opinión del Tribunal hace una interpretación muy restrictiva del inciso (e) de la Sec. 3077a del Tít. 32 de las Leyes de Puerto Rico Anotadas. El Juez Asociado Señor Rigau no intervino.