# 2003 DTA 126

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL I DE SAN JUAN, PANEL IV

COMPUTER SERVICES AND SUPPORT, INC.
Apelada

v.

BANCO POPULAR DE PUERTO RICO
Apelante

Núm. KLAN-2003-00235

San Juan, Puerto Rico, a 30 de julio de 2003

Panel integrado por su Presidente, el Juez Gierbolini,
y los Jueces Cordero y Rodríguez Muñiz

Rodríguez Muñiz, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Banco Popular de Puerto Rico, (en adelante, el apelante), acudió ante nos el 3 de marzo de 2003, mediante escrito de apelación. Solicitó la revisión de la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, el TPI), el 20 de diciembre de 2002, archivada en autos copia de su notificación el 14 de enero de 2003.

A continuación expondremos brevemente el trasfondo fáctico y procesal del caso.

I

Computer Services and Support, Inc. (en adelante, la apelada), es una corporación que se dedica a la venta, instalación y reparación de computadoras, programas y otros productos relacionados a éstas. Para el año 1999, la apelada poseía una cuenta corriente en el banco apelante, en la cual depositaba el dinero proveniente de sus negocios y desde la cual efectuaba los pagos de todos los gastos operacionales relacionados con el mismo. Durante los meses de octubre y noviembre de 1999, fue víctima de un fraude, el cual consistió en que un individuo, actuando como cliente, logró efectuar compras por teléfono utilizando para pagar tarjetas de crédito hurtadas. El importe de dichas ventas fue acreditado por el apelante a la mencionada cuenta en virtud de un contrato para el servicio de tarjetas de crédito, suscrito entre las partes en el año 1992. ■ Durante el mes de noviembre de 1999, el apelante se percató de la situación y, en consecuencia, procedió a *"congelar"* los fondos depositados en dicha cuenta. Además, se negó a pagar unos cheques que la apelada había emitido a sus suplidores y empleados, entre otros. Sin embargo, continuó aceptando depósitos a la misma. **Apéndice de Apelación, Anejo 1**, páginas 1-3.

Así las cosas, el 6 de junio de 2000, la apelada presentó ante el TPI demanda sobre incumplimiento de contrato y daños y perjuicios en contra del apelante. Alegó que éste no tenía potestad para *"congelar"* la cuenta y que, al no haber sido notificada de tal *"congelación"*, no pudo llevar a cabo ninguna acción para mitigar los daños que más tarde se produjeron. Señaló que, a la fecha de la presentación de la demanda, no había recibido del apelante una relación detallada de las reclamaciones pagadas contra los fondos depositados en la cuenta ni un recuento de las partidas desembolsadas con cargo a ésta. Por último, adujo que la actuación negligente del apelante, a saber, *"congelar"* la cuenta sin notificación previa, le ocasionó daños a su historial de crédito, provocándole pérdidas en exceso de doscientos mil dólares ($200,000.00). *Id.*

El 29 de agosto de 2000, el apelante presentó su contestación a la demanda, negando todas las alegaciones. Sostuvo que actuó de conformidad con las cláusulas del contrato suscrito y sus posteriores enmiendas. [2] Además, arguyó de que su actuación se ajustaba a las mejores prácticas bancarias. *Id.* **Anejo 4**, páginas 7-10.

Luego de extensos trámites procesales, el 26 de diciembre de 2001, la apelada presentó una moción para que se dictara sentencia sumaria parcial. Adujo, en síntesis, que el apelante había actuado conforme a un contrato que carecía de su consentimiento, el que, por tanto, era nulo e ineficaz. Solicitó al TPI que determinara que el apelante no poseía el derecho de *"congelar"* los fondos de la cuenta en cuestión. *Id.,* **Anejo 11**, páginas 20-59.

El 1ro. de mayo de 2002, el apelante presentó oposición a la moción solicitando sentencia sumaria y solicitó que se dictara sentencia sumaria a su favor. *Id.* **Anejo 21**, páginas 93-99.

Posteriormente, el 3 de octubre de 2002, la apelada presentó réplica a la moción presentada por el apelante. *Id.* **Anejo 26**, páginas 112-118.

Tras haber acontecido varios trámites relacionados al procedimiento de descubrimiento de prueba, los cuales, por no ser medulares a la controversia que nos ocupa, no discutiremos, el 20 de diciembre de 2002,

notificada el 14 de enero de 2003, el TPI emitió **Sentencia Parcial**. En síntesis, determinó que el apelante no pudo demostrar que la apelada había prestado su consentimiento a la enmienda efectuada en el año 1998, por lo que concluyó que el apelante había sido negligente al *"congelar"* la cuenta de la apelada. Sin embargo, le reconoció al apelante el derecho a recobrar la cuantía de los cargos telefónicos objeto del fraude debido a que el contrato válido prohibía este tipo de transacciones. Ordenó al apelante a descontar esa suma de la cantidad que, en su día, fuera adjudicada por concepto de daños y perjuicios. Finalmente, declaró ha lugar la solicitud de sentencia sumaria y señaló conferencia con antelación al juicio para disponer de los daños causados a la apelada. *Id*. **Anejo 31**, páginas 132-143.

Inconforme, el 24 de enero de 2003, el apelante presentó una moción solicitando determinaciones de hechos y de derecho adicionales y reconsideración, apoyándose en la Regla 43.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.3. Solicitó que se incluyeran en la sentencia parcial emitida las determinaciones de hechos y de derecho esbozadas en dicha moción. Además, solicitó la reconsideración de la sentencia y la desestimación del pleito. *Id.* **Anejo 32,** páginas 144-171.

El 28 de enero de 2003, notificada el día 30 del mismo mes y año, el TPI la declaró no ha lugar. **Escrito de Apelación**, página 2. ■

Así las cosas, el apelante acudió ante nos y señaló la comisión de los siguientes errores:

*"ERRO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL RESOLVER QUE EL BPPR NO PODIA CONGELAR EL BALANCE DE LA CUENTA DE LA DEMANDANTE-APELADA PARA RESPONDER POR LOS RETROCARGOS A SU CUENTA Y AL NEGARSE A APLICAR A LOS HECHOS DEL CASO LA LEY DE TRANSACCIONES COMERCIALES.*

*ERRO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA SUMARIA DECLARANDO HA LUGAR LA DEMANDA, SIN HABER PERMITIDO A LA DEMANDANTE-APELADA LLEVAR A CABO UN DESCUBRIMIENTO DE PRUEBA RAZONABLE A TENOR CON EL ESTADO DE DERECHO VIGENTE."*

El 6 de marzo de 2003, la apelada presentó en la Secretaría de este Tribunal una solicitud de desestimación. El 31 de marzo de 2003, el apelante presentó oposición a dicha solicitud.

Con el beneficio de ambas comparecencias, por los fundamentos que exponemos a continuación, acordamos desestimar el recurso de apelación presentado.

## II

La Regla 43.3 de Procedimiento Civil, *supra*, autoriza a las partes a solicitar determinaciones de hechos y conclusiones de derecho, diez (10) días después de archivada en autos copia de la notificación de una sentencia. Dicha moción se presenta para que el tribunal que dictó la sentencia la corrija mediante enmiendas y formule determinaciones de hechos (a base de la prueba presentada en el juicio) o conclusiones de derecho pertinentes al fallo. Hernández Colón, *Derecho Procesal Civil*, 1996, página 314.

La oportuna presentación de una moción al amparo de la antes mencionada regla interrumpe los términos para presentar una solicitud de reconsideración o de nuevo juicio y para apelar o solicitar revisión. Estos términos comienzan a correr nuevamente a partir del archivo en autos de la notificación de las determinaciones y conclusiones solicitadas. Regla 43.4 y 53.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.4 y 53.1, respectivamente.

Sobre dicho particular, el Tribunal Supremo ha expresado que la moción solicitando determinaciones de

hechos adicionales tiene únicamente el efecto de interrumpir el término para revisar sentencias. **No interrumpe el término para revisar resoluciones.** *De Jesús v. Corp. Azucarera*, 145 D.P.R. 899, 907 (1998). (Énfasis nuestro.) *"Así por ejemplo, dicha moción no interrumpe el término para solicitar la revisión de una resolución interlocutoria, como lo sería aquella que emite un tribunal en una acción de daños y perjuicios en virtud de la cual únicamente se adjudica el aspecto de la negligencia, mas no determina nada en lo referente al aspecto de los daños. Como hemos señalado, este tipo de dictamen es interlocutorio y por tanto contra él no procede el recurso de apelación, sino el de certiorari."* *U.S. Fire Insurance, Co.,* Opinión de 13 de septiembre de 2000, 151 D.P.R. \_\_\_ (2000), **2000 J.T.S. 146**, a la página 93.

Por su parte, la Regla 43.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.1, define el término *"sentencia"* como cualquier determinación del tribunal que resuelva finalmente la cuestión litigiosa y de la cual pueda apelarse. *Ramos de Szendrey, et al. v. Colón Figueroa, et al.,* Opinión de 6 de marzo de 2001, 153 D.P.R. \_\_\_ (2001), **2001 J.T.S. 33**, a la página 958; *U.S. Fire Insurance Co. v. Autoridad de Energía Eléctrica, supra*, a la página 91.

En *Rodríguez v. Tribunal Municipal*, 74 D.P.R. 656, 664 (1953), el Tribunal Supremo explicó la diferencia entre una resolución y una sentencia:

*"No es muy difícil concluir que existe una diferencia conceptual categórica entre una 'resolución' y una 'sentencia'. Ninguna de las dos constituyen un término genérico dentro del cual pueda entenderse comprendida la otra específicamente.* **Una resolución pone fin a un incidente dentro del proceso judicial, mientras una sentencia pone fin a la controversia entre las partes mediante una adjudicación final...".** *Id.* (Énfasis nuestro.) *U.S. Fire Insurance Co. v. Autoridad de Energía Eléctrica, supra*, a la página 92; *De Jesús v. Corp. Azucarera*, 145 D.P.R. 899, 904 (1998).

Nuestro más alto foro ha expresado que cuando una decisión del tribunal de instancia *"resuelve el caso en sus méritos y termina el litigio entre las partes, en tal forma que no queda pendiente nada más que la ejecución"*, es una sentencia definitiva. Por el contrario, cuando la decisión del tribunal de instancia resuelve únicamente parte de la reclamación y deja de resolver otras, como por ejemplo la cuantía a pagarse a la parte victoriosa, la sentencia no es definitiva, pues no resuelve todas las cuestiones en controversia. *Figueroa v. Del Rosario*, 147 D.P.R. 121, 125-127 (1998); *Cortés Román v. E.L.A.,* 106 D.P.R. 504, 509 (1977); *Dalmau v. Quiñones*, 78 D.P.R. 551, 557-560 (1955).

Específicamente ha señalado, en cuanto al dictamen de negligencia, que éste es un aspecto de la reclamación de daños y perjuicios, es decir, que resuelve una controversia dentro del proceso judicial sin adjudicar la totalidad de la reclamación entre las partes y, por lo tanto, es una resolución y no una sentencia, aunque se le añada la certificación de finalidad dispuesta en la Regla 43.5 de Procedimiento Civil.; *Díaz v. Navieras de P. R.,* 118 D.P. R. 297, 301-302 (1987); *Cortés Román v. E.L.A., supra*, 509-512.

Por otro lado, el Artículo 4.002(f) de la Ley de la Judicatura de 1994, según enmendada por la Ley Núm. 248 de 25 de diciembre de 1995, 4 L.P.R.A. sec. 22, dispone, en lo aquí pertinente, que podrán ser revisadas por el Tribunal de Circuito de Apelaciones, mediante auto de *certiorari* expedido a su discreción, cualquier resolución u orden dictada por el Tribunal de Primera Instancia. **Véase**, además, Regla 52.1 de Procedimiento Civil, 32 L.P.R. A. Ap. III, R. 52.1; Regla 32 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, R. 32.

El auto de *certiorari*, 32 L.P.R.A. sec. 3491 *et seq.*, es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior *Pueblo v. Colón Mendoza*, Opinión de 29 de octubre de 1999, 149 D.P.R. \_\_\_ (1999), **99 J.T.S. 175**, a la página 384. (Nota omitida.)

Distinto a los recursos de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional. Esta discreción, en nuestro ordenamiento jurídico, ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción, *Negrón Placer v. Secretario*, Opinión de 27 de abril de 2001, 154 D.P.R. ____ (2001), **2001 J.T.S. 66**, a la página 1199.

Cónsono con esto, la Regla 32(D) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, R. 32(D), dispone lo siguiente con relación a la presentación de una petición de *certiorari* de una orden o resolución del Tribunal de Primera Instancia:

*"El recurso de certiorari para revisar cualquier otra resolución u orden del Tribunal de Primera Instancia se formalizará mediante la presentación de **una solicitud dentro de los treinta (30) días siguientes a la fecha del archivo en autos de copia de la notificación de la resolución u orden recurrida**. Este término es de cumplimiento estricto, excepto cuando mediaren circunstancias especiales debidamente justificadas en la solicitud de certiorari."* (Enfasis nuestro.)

Según se ha definido, la jurisdicción *"es el poder o autoridad de un tribunal para considerar y decidir casos o controversias"*. *Gearheart v. Haskell*, 87 D.P.R. 57, 61; *Brunet Justiniano v. Gobernador,* 130 D.P.R. 248, 255 (1992).

Así pues, el Tribunal Supremo, reiteradamente, ha resuelto que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados, incluso, a considerar dicho asunto *motu proprio*. **Véase** *Vázquez v. A. R.P.E.,* 128 D.P.R. 153 (1991); *Martínez v. Junta de Planificación,* 109 D.P.R. 839 (1980); *Sociedad de Gananciales v. A.F.F.,* 108 D.P.R 644 (1979), según citados en *Padró v. Epifanio Vidal, S.E.,* Opinión de 14 de febrero de 2001, 153 D.P.R. ____ (2001), **2001 J.T.S. 18**, a la página 844. Por lo tanto, en todo caso, previa una decisión en los méritos del mismo, el tribunal determinará si tiene facultad para considerarlo, *Soc. de Gananciales v. A.F.F., supra.*

### III

En el caso ante nuestra consideración, el 20 de diciembre de 2002, el TPI emitió un dictamen que intituló **Sentencia Parcial**. Por medio del mismo, determinó que el apelante había sido negligente al haber *"congelado"* la cuenta en controversia. Además, le reconoció el derecho al apelante de retener la cantidad acreditada por concepto de las compras realizadas fraudulentamente por teléfono, por entender que esas transacciones habían sido efectuadas en contravención al contrato para el servicio de tarjetas de crédito que gobernaba la relación entre las partes. Sin embargo, falta por determinar la cuantía correspondiente a los daños sufridos por la apelada, si algunos.

Como señaláramos en la narración de los hechos, el apelante presentó ante el TPI una moción de determinaciones de hechos y de derecho adicionales al amparo de la Regla 43.3 de Procedimiento Civil, *supra*, la cual fue posteriormente rechazada de plano. En consecuencia, el apelante presentó ante nos un escrito de apelación. Nuestro más alto foro ha señalado en innumerables ocasiones que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. Por lo tanto, al encontrarnos sin jurisdicción para entender en este caso, nos vemos en la obligación de desestimarlo. Veamos.

En la solicitud de desestimación presentada, la apelada sostiene, a nuestro entender correctamente, que el apelante cometió un error al haber calculado el término para acudir en alzada desde la notificación de la denegatoria de la moción de determinaciones de hechos y de derecho adicionales. Sostuvo su alegación en que el dictamen del TPI constituia una resolución interlocutoria y no una sentencia parcial.

Por su parte, el apelante trató de persuadirnos con tres teorías que, a nuestro juicio, resultan un tanto forzadas. Primero, sostuvo que el TPI, por medio de su dictamen, *"puso fin a la cuestión litigiosa en cuanto a la reclamación de éste [refiriéndose al apelante] por concepto de las cantidades cargadas a las tarjetas de crédito hurtadas, atendiendo tanto el aspecto del incumplimiento de CSS con el [contrato de] 18 de diciembre de 1992, así como lo concerniente a los daños"*. ██ Argumentó, en segundo lugar, que en cuanto a la reclamación de la apelada en su contra, el TPI emitió una resolución interlocutoria debido a que fraccionó los elementos de negligencia y daños, señalando la determinación de los últimos para una fecha posterior. Añadió que por medio del escrito de apelación, trató de impugnar tanto los fundamentos de la sentencia parcial como la determinación de negligencia en su contra. Por último, adujo que la moción de determinaciones de hechos y de derecho adicionales iba acompañada de una moción de reconsideración, la cual, al haber sido acogida por el TPI, interrumpió el término para acudir en alzada.

En nuestra opinión, los tres argumentos traídos ante nuestra consideración son inmeritorios. En cuanto al primer planteamiento, debemos señalar que no surge del expediente que el apelante tuviera ninguna reclamación en contra de la apelada, por lo que el TPI no dio fin a controversia alguna sometida a su consideración.

En cuanto a la segunda contención del apelante, sus señalamientos están orientados a impugnar la determinación de negligencia objeto de la resolución y, según el mismo apelante señala, los fundamentos de la sentencia. Sabido es que dentro de nuestro ordenamiento jurídico las apelaciones se dan contra la sentencia y no contra sus fundamentos. Además, la determinación de negligencia sólo es revisable vía el recurso de *certiorari*.

Por último, es norma firmemente establecida que si una moción de reconsideración es rechazada de plano, ésta no interrumpirá los términos para acudir en alzada. En el caso de autos es evidente que el TPI no acogió la referida moción, sino que, por el contrario, la despachó sin emitir pronunciamiento alguno en torno a ella. No hay duda que la moción de reconsideración presentada tampoco interrumpió el término para acudir ante nos vía *certiorari*.

Según el derecho aplicable, para que el dictamen de un tribunal de instancia se considere una sentencia, éste deberá disponer de la cuestión litigiosa en su totalidad. En ocasiones resulta difícil poder diferenciar entre una sentencia y un dictamen interlocutorio, sobre todo en los casos que envuelven reclamaciones múltiples. Sin embargo, en el caso que nos ocupa, es claro que el TPI, al no haber resuelto la controversia sobre los alegados daños sufridos, no ha dispuesto del caso en su totalidad. De un estudio de la jurisprudencia, surge claramente que dentro de nuestro ordenamiento jurídico la determinación de negligencia en un caso de daños y perjuicios no se considera una reclamación aparte o distinta de la determinación de la cuantía de daños.

El apelante tenía el deber de presentar ante nosotros un recurso de *certiorari* dentro de treinta (30) días contados a partir de la notificación de la erróneamente denominada sentencia parcial, los cuales vencían el 13 de febrero de 2003, si no estaba de acuerdo con la determinación de negligencia efectuada. En vista de que la presentación del mismo se hizo el 3 de marzo de 2003, nos vemos imposibilitados de entender en el presente recurso. De otra parte, nada impide que en su día se acuda nuevamente ante este foro mediante recurso de apelación y se solicite la revisión de la sentencia una vez ésta sea emitida en su totalidad.

**IV**

Por los fundamentos antes expuestos, desestimamos el recurso solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**1.** Además de este contrato, suscribieron otro para el servicio de ATH, el cual no se encuentra en controversia en la presente acción.

**2.** Durante el proceso ante el TPI, se suscitó una controversia en cuanto a cuál contrato era el que regía la relación entre las partes. La controversia surgió cuando el apelante adujo que el contrato suscrito en el año 1992, para servicio de tarjetas de crédito, fue enmendado en el año 1998 y que, basándose en la enmienda, su actuación fue conforme a derecho. Por su parte, la apelada sostuvo que no había prestado su consentimiento a tal enmienda y, por tanto, el contrato original era el único que la obligaba. Finalmente, el TPI determinó que, en ausencia de prueba que sostuviera que la apelada había prestado su consentimiento, el contrato original era el que regía la relación entre las partes.

**3.** El apelante no incluyó en el apéndice copia de la resolución denegatoria del TPI. De los autos, lo único que se desprende es evidencia de la notificación de la misma.

**4. Oposición a Solicitud de Desestimación,** a la página 5.