Colón Buriel, Juez Ponente
*803 TEXTO COMPLETO DE LA RESOLUCIÓN
I
Catalina Sánchez Marcano (en adelante, la “peticionaria”) solicita expidamos un auto de certiorari y revoquemos una resolución emitida el 5 de octubre de 2007, por el Tribunal de Primera Instancia, Sala de Bayamón, Hon. Luisa M. Colom García, Juez, en el caso Feliciano Calderón Marrero; Olga Díaz Marrero y la Sociedad de Gananciales formada por éstos v. Clautidiano Sánchez Marcano y Luz María de Sánchez y la Sociedad de Gananciales formada por éstos y Catalina Sánchez Marcano, Civil Núm. DPE2004-0549, sobre injunction. El dictamen, recogido en Minuta & Resolución, transcrita el 10 de octubre de 2007, ordenó y permitió a los entonces demandantes, Feliciano Calderón Marrero, Olga Díaz Marrero y la Sociedad de Gananciales constituida por éstos (en adelante, los “recurridos” o “Calderón Marrero”), remover cierto portón instalado por los demandados, Clautidiano Sánchez Marcano y su esposa Luz María Salgado Melecio, ubicado en un predio que da acceso a la entrada de una servidumbre identificada como Ramal 9 impidiéndole el acceso a su propiedad. La remoción sería a un costo de $250, ordenándoseles a los demandados abstenerse de intervenir con la persona designada por los recurridos o su representante para remover el portón.
Posteriormente, el 30 de octubre de 2007, instancia, en consideración a la Moción Solicitando Ejecución de Sentencia de los recurridos, ordenó al Registrador de la Propiedad Sección II de Bayamón, anotar en una propiedad de los demandados, Clautidiano Sánchez Marcano y Luz María Salgado Melecio y la Sociedad de Gananciales formada por éstos, un embargo en aseguramiento de la Sentencia dictada en su contra, para responder por: a) $5,000 por concepto de honorarios de abogado; b) $328 por concepto de costas; y c) $250 por concepto de gastos incurridos en la remoción del portón. En consideración a lo ordenado, el 18 de noviembre de 2007, el Secretario del Tribunal de Primera Instancia, Sala de Bayamón, expidió el correspondiente Mandamiento al Registrador de la Propiedad, Sección II de Bayamón, para que anotara el embargo sobre todo título, derecho, interés o participación que correspondiera a los demandados sobre un bien inmueble allí descrito.
Mediante Resolución de 29 de noviembre de 2007, concedimos a la peticionaria Catalina Sánchez Marcano cinco (5) días, a partir de la notificación, para presentar los documentos que no incluyó como apéndices de su escrito, y detallados a continuación:

“1) Minuta de 5 de octubre de 2007, págs. 152-153,

2) Moción Informativa de 10 de octubre de 2007, pág. 97.

3) Segunda Demanda Enmendada, págs. 98-101.

4) Moción en Cumplimiento de Orden de 20 de enero de 2006, págs. 102-104.

5) Contestación a Segunda Demanda Enmendada del ELA, págs. 105-108.

6) Minuta de 9 de agosto de 2006, págs. 109-110.

7) Moción Solicitando Auxilio, págs. 111-112.

*804
8) Sentencia Parcial de 9 de noviembre de 2006, págs. 113 -114.

9) Moción Informativa y Reafirmando, págs. 115-118.

10) Sentencia de 20 de diciembre de 2006, págs. 119- 135. ”

Por otro lado, concedimos a los recurridos término de diez (10) días, a partir de la notificación, para mostrar causa por la cual no debíamos expedir el auto solicitado y revocar la Resolución emitida el 5 de octubre de 2007, por el Tribunal de Primera Instancia, Sala de Bayamón.
Por su parte, el 10 de diciembre de 2007, los recurridos comparecieron oponiéndose a la expedición del recurso. El 11 de diciembre de 2007, la peticionaria cumplió con lo ordenado en nuestra Resolución de 29 de noviembre de 2007.
Así las cosas, el 20 de diciembre de 2007, compareció el Estado Libre Asociado de Puerto Rico, Departamento de la Vivienda, representado por el Procurador General, solicitando se les eximiera de comparecer y expresarse sobre los méritos del recurso. Fundamentó su solicitud a que, según el trasfondo procesal del caso, la controversia se circunscribía a quién le correspondía remover el portón y el carretón, según lo ordenara instancia en su sentencia. Expresó que de conformidad con la Orden del 30 de octubre de 2007, al Registrador de la Propiedad, claramente esa obligación recaía sobre el señor Clautidiano Sánchez Marcano y Luz María Salgado Melecio y la Sociedad de Gananciales formada por éstos, y no contra la peticionaria. Así también, expresó que la titularidad del Ramal 9, perteneciente al Estado Libre Asociado, Departamento de la Vivienda, no estaba en controversia, que la controversia quedó trabada entre partes privadas, representadas por abogados y las que podían defender adecuadamente sus respectivos intereses y derechos. Posteriormente, mediante Resolución de 9 de enero de 2008, eximimos al Estado de comparecer.
Resolvemos con el beneficio de las comparecencias, excepto la de los recurridos, Clautidiano Sánchez Marcano y Luz María Salgado Melecio y la Sociedad de Gananciales formada por éstos, los autos originales, el derecho y la jurisprudencia aplicable.
II
El 8 de julio de 2004, Feliciano Calderón Marrero, su esposa Olga Díaz Marrero y su Sociedad de Gananciales, presentaron una acción de injunction ante el Tribunal de Primera Instancia, Sala de Bayamón, contra Clautidiano Sánchez Marcano, su esposa Luz María de Sánchez (Luz María Salgado Melecio) y la Sociedad de Bienes Gananciales que constituyen. Solicitaron, en esencia, como remedio contra los demandados que se les ordenara remover a su costo y riesgo, un portón que les privaba el paso por el Ramal 9, en la Comunidad Sabana Seca de Toa Baja. Además, que removieran un carretón que estaba estacionado permanentemente en la sección de viraje del Ramal 9, el que dificultaba las maniobras necesarias para acceder a la parcela 54-A-l, de su propiedad.
Luego de los demandados ser emplazados, y a raíz de su alegación de que la peticionaria era una parte indispensable, el 26 de octubre de 2004, Calderón Marrero enmendó su demanda, para traer como codemandada a la peticionaria Catalina Sánchez Marcano. Alegó que era la dueña de la parcela 55-D de la Comunidad Sabana Seca de Toa Baja, la que también tiene “[...] acceso a una servidumbre identificada como ramal número 9 [...]”.
El 12 de enero de 2005, Clautidiano contestó la demanda enmendada. Entre otras defensas afirmativas, alegó que la peticionaria, quien resultaba ser su hermana, estaba incapacitada física y mentalmente para regir su persona, y se encontraba bajo el cuidado de su hija, Elba Iris Cruz Sánchez. Por otro lado, mediante escrito de 12 de enero de 2005, solicitó se le nombrara defensor judicial a su hermana, la peticionaria, expresó que ésta padecía de varias condiciones, entre éstas, “Alzheimer”, por lo que acompañó certificado médico del Dr. Carlos Acosta Anadón. Mediante Orden de 18 de enero de 2005, instancia declaró No Ha Lugar lo solicitado y No Ha Lugar a *805 una reconsideración presentada durante la vista de la Conferencia Sobre el Estado de los Procedimientos.
Surge, entre otros, de la minuta transcrita que en la vista celebrada el 19 de abril de 2005, que instancia nombró a la señora Elba Iris Cruz Sánchez Defensora Judicial de la peticionaria.
El 10 de mayo de 2005, las partes presentaron una Relación de Hechos No Controvertidos Estipulados. A su vez, el 24 de mayo de 2005, Calderón Marrero, por conducto de su representante legal, sometió a la consideración de instancia, un Memorando de Derecho y Solicitud de Sentencia Sumaria. Adujo que no existían controversias de hechos, y que el Departamento de la Vivienda tuvo la intención específica de consagrar las calles y ramales de la Comunidad Sabana Seca para uso público. La parte demandante anejó a su escrito copia de carta de 2 de mayo de 2005 y Certificación expedida por el Registro de la Propiedad, Sección II de Bayamón. Solicitó: a) se ordenare a Clautidiano Sánchez Marcano y Luz María Díaz Marrero, a remover a su costo y riesgo el portón instalado al comienzo del Ramal 9; b) ordenare a éstos remover el carretón estacionado en la sección de viraje del Ramal 9; y c) en vista a su temeridad, los condenare al pago de costas, gastos y honorarios de abogado.
Luego de una serie de incidentes, instancia dictó Sentencia el 20 de junio de 2005, declarando Ha Lugar la demanda presentada por Calderón Marrero, ordenado a la paite demandada a remover bajo su costo y riesgo, el portón instalado al comienzo del Ramal 9; a remover el carretón que impedía el paso por el Ramal 9 hacia la propiedad de los recurridos; a desistir, en general, de cualquier acción u omisión que impidiera el acceso a su propiedad a través del Ramal 9; y a pagar los gastos incurridos necesariamente por la parte demandante en la tramitación del pleito.
Inconforme con el dictamen, el 1 de septiembre de 2005, Clautidiano presentó su Escrito de Apelación (KLAN-2005-01063) ante este foro. Posteriormente, el 5 de octubre de 2005, este foro apelativo intermedio revocó la referida Sentencia del 20 de junio de 2005, ordenándole a instancia nombrar un defensor judicial a la peticionaria, una vez se determinara, previo a una vista, su incapacidad por enfermedad; se ordenó Raer al pleito al Estado Libre Asociado de Puerto Rico o sus agencias concernidas y al Municipio de Toa Baja. Una vez cumplido con lo ordenado, instancia resolvería en los méritos la demanda de injunction.
Cónsono con el dictamen, el 13 de octubre de 2005, Calderón Marrero presentó su Segunda Demanda Enmendada, trayendo al pleito al Estado Libre Asociado de Puerto Rico, Departamento de la Vivienda y al Municipio de Toa Baja. Aprovechó para solicitar que se pautara a la mayor brevedad, la celebración de una vista para determinar el grado de enfermedad de la peticionaria y la necesidad de nombrarle un defensor judicial, a lo que Clautidiano se opuso. Por su parte, Clautidiano replicó a la Segunda Demanda Enmendada.
El 12 de mayo de 2006, instancia celebró una vista sobre el nombramiento del defensor judicial. En esa ocasión, con el beneficio del testimonio pericial del Dr. Carlos Acosta Anadón, se declaró con lugar la designación de un defensor judicial para la peticionaria, pautándose para el 9 de agosto de 2006, la vista para el nombramiento del defensor judicial. El 9 de agosto, se celebró la vista para la designación del defensor judicial, en donde compareció y fue designado como tal, el licenciado Ricardo Robles Caraballo. En esa ocasión, el Estado Libre Asociado de Puerto Rico, a través del Departamento de la Vivienda, aceptó ser la dueña del Ramal 9, por lo que instancia determinó que no había controversia en cuanto a ese asunto. Ese dictamen fue recogido en Minuta-Resolución de esa fecha; ninguna de las partes recurrió en revisión judicial, convirtiéndose en final y firme.
Durante la celebración de la Conferencia Con Antelación al Juicio, el 20 de octubre de 2006, el defensor-judicial de la peticionaria alegó que estaba pendiente ante el Departamento de la Vivienda una solicitud de compra del Ramal 9 por parte de Clautidiano Sánchez Marcano. Por su parte, el representante legal del Departamento de la Vivienda expresó que su representada había determinado no vender el Ramal 9. Instancia le concedió al Estado Libre Asociado, diez (10) días para remitir documentación a esos efectos. Mediante escrito titulado Moción Informativa en Cumplimiento de Orden, de 26 de octubre de 2006, el Estado Libre Asociado de *806 Puerto Rico acompañó documento evidenciando que desde el 13 de diciembre de 2004, se había determinado no venderle el Ramal 9 a Clautidiano.
En consideración a la Moción de Desestimación presentada por el Municipio de Toa Baja el 5 de octubre de 2006, el 9 de noviembre de 2006, instancia dictó Sentencia Parcial ordenando la desestimación del pleito en cuanto éste.
Con el beneficio de la comparecencia de las agencias gubernamentales, abonando con el hecho incontrovertible del carácter público del Ramal 9, la documentación y la relación de hechos no controvertidos obrantes en autos, el 20 de diciembre de 2006, instancia dictó Sentencia, archivándose en los autos copia de su notificación el 2 de febrero de 2007.
Inconforme, el 20 de febrero de 2007, Clautidiano solicitó reconsideración, la que fue declarada No Ha Lugar el 26 de febrero, adviniendo final y firme. Transcribimos a continuación la parte dispositiva de la sentencia:

“SENTENCIA

Atendidas las anteriores Determinaciones de Hechos y Conclusiones de Derecho, las cuales se incorporan a esta Sentencia, este Tribunal declara NO HA LUGAR la Moción Solicitando Desestimación de la Demanda al Amparo de la Regla 36 de Procedimiento Civil presentada por la parte demandada y HA LUGAR el Memorando de Derecho y Solicitud de Sentencia Sumaria sometida a nuestra consideración por la parte demandante.

Por consiguiente, se declara HA LUGAR la Demanda, y se ordena a la parte demandada, Clautidiano Sánchez Marcano, a remover, bajo su costo y riesgo, el portón instalado al comienzo del Ramal 9; a remover el carretón que impide el paso por el Ramal 9 hacia la propiedad de los demandantes; a desistir, en general, de cualquier acción u omisión que impida el acceso a la parte demandante a su propiedad a través del Ramal 9; imponiéndole además el satisfacer la cantidad de $5,000.00 por concepto de honorarios de abogado ante la crasa temeridad exhibida, cuando conociendo desde el año 2004 el demandado Clautidiano Sánchez Marcano que el Ramal 9 era propiedad del Departamento de la Vivienda al extremo de solicitar su compra, fue informado en repetidas ocasiones por dicha agencia del carácter público del mismo, y aún así ha insistido, haciendo uso de todos los recursos procesales a su disposición en privar a la parte demandante de lo que legítimamente el derecho le correspondía, el libre acceso y disfrute de su propiedad, condenándolo además al pago de las costas y gastos incurridos necesariamente por la parte demandante en la tramitación del pleito.

REGISTRESE Y NOTIFIQUESE.

Dada en Bayamón, Puerto Rico, a 20 de diciembre de 2006.

LUISA M. COLOM GARCÍA

JUEZA SUPERIOR”

Así las cosas, el 28 de abril de 2007, Calderón Marrero presentó un escrito titulado Moción Solicitando Auxilio del Tribunal, señalando que Clautidiano no había cumplido con la sentencia, toda vez que no había removido la verja ni el portón, alegando que no le pertenecían y que no fueron construidos por él; solicitó se enmendare la sentencia (ya final y firme) para que en su parte dispositiva se incluyera a la peticionaria; se le autorizare a remover la veija y el portón; se ordenare a Clautidiano eliminar el carretón y se le condenare a pagar los gastos incurridos en la eliminación de la verja y el portón. Por su parte, Clautidiano se opuso a lo solicitado por Calderón Marrero, señalando que había cumplido con la parte dispositiva de la sentencia que le aplicaba y que el portón y la verja le pertenecían a la peticionaria. Tras otra serie de incidentes, el 5 de octubre de 2007, se emite la resolución recurrida.
*807 Inconforme, la peticionaria le imputa error a instancia al ordenar la ejecución del dictamen afectando su propiedad, sin que se hubiere dictado sentencia contra ella, violentándole su debido proceso de ley.
III
En Cárdenas Maxán v. Rodríguez, 119 D.P.R. 642, 655-657 (1987), nuestro Tribunal Supremo señaló:
“Una sentencia es final o definitiva cuando resuelve el caso en sus méritos y termina el litigio entre las partes, en forma tal que no queda pendiente nada más que la ejecución de la sentencia. ” Camaleglo v. Dorado Wings, Inc., ante; Cortés Román v. E.L.A., 106 D.P.R. 504, 509 (1977); Dalmau v. Quiñones, 78 D.P.R. 551, 556 (1955).
J. Guerra San Martín, en su libro Lecciones de Derecho Procesal Civil, Madrid, Universidad de Deusto, 1978, T. 1, pág. 223, al hablar sobre la estructura de las sentencias, nos dice que el “fallo...es la parte final de la sentencia, denominada así por la práctica española de iniciarse con la palabra fallo’ o fallamos’ (en los tribunales colegiados). En el fall, o el juez resuelve el proceso, estimando o desestimando las pretensiones de las partes. Según el Art. 359 de la Ley de Enjuiciamiento Civil, el fallo debe ser claro, preciso y congruente con las pretensiones de las partes y al mismo tiempo debe resolver todas las cuestionas y pretensiones planteadas en el pleito,...’,. Expresa adicionalmente el mencionado comentarista que: “En principio, para juzgar sobre la congruencia de una sentencia, es menester comparar los suplicos [sic[ de la demanda y contestación, con en el fallo de la sentencia, lugares en que respectivamente las partes concretan sus peticiones y el Juez su decisión”. (Énfasis suplido.) Guerra San Martín, op. cit., pág. 223.
Una sentencia es distinguible de las determinaciones de hechos y las conclusiones de derecho del tribunal, aun cuando estas últimas se incorporen en el mismo documento con la sentencia. Regla 43.2 de Procedimiento Civil de 1959.(5) Véanse, en adición: 46 Am. Jur. 2d Judgments Sec. 4 (1969); Carolina Aluminum Co. v. Federal Power Com., 97 F. 2d 435 (1938); Brady v. Interstate Commerce Commission, 43 F.2d 847, confirmada, 283 U.S. 804 (1930). (6) Las determinaciones de hechos y conclusiones de derecho constituyen los fundamentos en que apoya el juez la sentencia que emite en el caso.
Es sólo la porción o parte dispositiva de la “sentencia” la que constituye la sentencia; los derechos de las partes son adjudicados, no mediante la relación de los hechos, sino únicamente mediante la parte dispositiva de la misma. Citas omitidas. En otras palabras, es en la paite dispositiva de la sentencia donde se adjudican y determinan las controversias del caso y donde se definen los derechos de las paites. Citas omitidas. Siendo ello así, la adjudicación expresa va por encima de, o controla, las meras relaciones de hecho. Citas omitidas.
Según hemos expresado, mediante la parte dispositiva de la sentencia del 20 de diciembre de 2006, instancia declaró Ha Lugar la Demanda ordenándole a Clautidiano remover, bajo su costo y riesgo, el portón instalado al comienzo del Ramal 9; el carretón que impide el paso hacia la propiedad de los recurridos; a desistir, en general, de cualquier acción u omisión que impida el acceso a su propiedad; imponiéndole además el satisfacer la cantidad de $5,000 por concepto de honorarios de abogado ante la crasa temeridad exhibida, cuando conociendo desde el año 2004, que el Ramal 9 era propiedad del Departamento de la Vivienda al extremo de solicitar su compra, fue informado en repetidas ocasiones por dicha agencia del carácter público del mismo, y aún así ha insistido, haciendo uso de todos los recursos procesales a su disposición en privar a la parte demandante de lo que legítimamente el derecho le correspondía, el libre acceso y disfrute de su propiedad, condenándolo además al pago de las costas y gastos incurridos necesariamente por la parte demandante en la tramitación del pleito.
En esa parte dispositiva, no se incluyó a la peticionaria, por lo cual, Calderón Marrero solicitó que se enmendara la sentencia para incluirla. No expresó bajo qué mecanismo procesal lo solicitaba; no obstante, la sentencia a esa fecha era final y firme y así lo era para todos los propósitos legales. Siendo la parte dispositiva, la que constituye la sentencia; y en consideración a que los derechos de las paites no son adjudicados mediante la *808 relación de hechos, sino más bien por su parte dispositiva, forzoso es concluir que la peticionaria no viene obligada a cumplir con los términos de la sentencia.
Por otro lado, en su solicitud de ejecución de sentencia, Calderón Marrero solicitó se ordenara a Clautidiano, eliminar el portón y la verja que le impedían el acceso al Ramal 9 y a su propiedad. En la alternativa, expresó que haría los trabajos necesarios para eliminarlos, pasándole su costo a Clautidiano. No obstante, alegó la peticionaria, por conducto de su Defensor Judicial, que la veija y el portón son de su propiedad, y dado el hecho de que contra ella no se dictó sentencia, no existía dictamen que pudiera ejecutarse. Así también, adujo que instancia resolvió la controversia en la vista celebrada el 5 de octubre de 2007, autorizando a Calderón Marrero a hacer los trabajos necesarios para remover la verja y el portón, no obstante la oposición de la peticionaria, por conducto de su Defensor Judicial, determinación que alegó violenta el debido proceso de ley. De la Minuta Resolución de esa fecha, para dilucidar la solicitud de ejecución de la sentencia presentada por Calderón Marrero surge, en lo pertinente, que compareció el licenciado Raúl E. Varandela Velázquez, como defensor judicial de la peticionaria, quien se allanó a lo que el Tribunal estimare pertinente, lo que difiere de lo expresado por su defensor judicial. Siendo ello así, la peticionaria no puede ir contra sus propios actos.
No obstante, y tomando como cierto lo expresado por la peticionaria por conducto de su Defensor Judicial, de que la verja y el portón son de su propiedad, no puede obviarse el hecho indubitado de que fueron instalados a la entrada del Ramal 9, predio de carácter público y cuya titularidad pertenece al Estado Libre Asociado de Puerto Rico y no a la peticionaria. Máxime cuando de los autos no surge que el ELA autorizara a la peticionaria o a algún otro a hacer la instalación. Por otro lado, de no haber estado de acuerdo con que se removiera el portón y la verja, pudo haber apelado la sentencia, cosa que no hizo, con las consecuencias en derecho que ello tiene.
En consideración a lo expuesto, se deniega la expedición del auto solicitado por la peticionaria, Catalina Sánchez Marcano.
Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones