ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **MARITERE MARTÍN CÓRDOVA**<br><br>Apelada<br><br>v.<br><br>**EUDALDO BÁEZ RIVERA**<br><br>Apelante | KLAN202400365 | **APELACION** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.:<br>**K DI 20212-1377**<br><br>Sobre:<br>Divorcio |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de abril de 2024.

Comparece ante nos el señor Eudaldo Báez Rivera (Sr. Báez) mediante *Recurso de Apelación* presentado el 12 de abril de 2024. Nos solicita que revoquemos la *Resolución*[1] dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI) notificada el 11 de enero de 2024.

Por los fundamentos que discutimos a continuación, desestimamos el *Recurso* presentado por falta de jurisdicción sin atender los méritos de este.

**I.**

El caso de marras originó el 10 de enero de 2024, cuando el TPI emitió una *Resolución* en contra del Sr. Báez en un proceso de divorcio. Esta fue notificada el 11 de enero de 2024. En desacuerdo con la determinación, el 18 de enero de 2024, el Sr. Báez presentó una *Moción Reiterando Solicitud de que se Emitan Determinaciones*

---

[1] Apéndice del *Recurso de Apelación*, Anejo I, págs. 1-3. Notificada y archivada en autos el 11 de enero de 2024.

*de Hecho*[2] (*Moción de Hechos Adicionales)* al amparo de la Regla 43.1 de Procedimiento Civil, 32 LPRA Ap. V. En esta, le solicitó al TPI que emita "las determinaciones de hecho por la cual el Honorable Tribunal basó su determinación de dejar sin efecto la custodia compartida y regresar a la custodia monoparental a la demandante".[3] Cabe destacar que en esta, el Sr. Báez reiteró lo que solicitó en una *Moción en Solicitud de que se Emitan Determinaciones Hechos,* presentada el 22 de diciembre de 2023.[4] En ninguna de estas mociones se señalaron los hechos específicos que la parte solicitante estime probados pero no incluidos en la *Resolución* del TPI. El 19 de enero de 2024, el TPI determinó No Ha Lugar a esta *Moción,* señalándole al Sr. Báez que hiciera referencia a la *Resolución* emitida el 10 de enero de 2024.[5]

Así las cosas, el 30 de enero de 2024, el Sr. Báez presentó una *Moción en Solicitud de Reconsideración* (*Reconsideración*). En ésta, le solicitó al TPI que "reconsidere [su *Resolución* de 10 de enero de 2024] y emita determinaciones de hecho en las que fundamente su decisión por la cual se retiró la custodia compartida y se regresó a la custodia monoparental a mamá".[6] En efecto, la *Reconsideración* le solicitó al TPI que reconsidere tanto la *Resolución* como su determinación en cuanto a la *Moción de Hechos Adicionales.*

El 11 de marzo de 2024, el TPI declaró "Sin Lugar" a la *Reconsideración,* determinación que fue notificada el 13 de marzo de 2024.[7] Inconforme, el 12 de abril de 2024, el Sr. Báez recurrió a este Foro mediante el *Recurso de Apelación* ante nuestra consideración.

---

[2] *Íd.*, Anejo II, págs. 4-5.
[3] *Íd.*, pág. 4.
[4] *Íd.*, Anejo VII, págs. 37-38. (En esta, el Sr. Báez le solicitó al TPI que "emita las determinaciones de echo las cuales fueron la base para la decisión de cambiar la custodia compartida a custodia monoparental y paralizar las relaciones [paternofiliales] hasta que el compareciente se someta a recibir servicios por el Dr. Nelson Jiménez, Psicólogo").
[5] *Íd.*, Anejo III, pág. 6.
[6] *Íd.*, Anejo IV, pág. 7.
[7] *Íd.*, Anejo V, págs. 19-17.

**II.**

Las partes en un caso civil gozan de varios remedios contra sentencias u órdenes. Entre estos remedios, las Reglas de Procedimiento Civil, *Íd.,* reconocen la Moción para Determinaciones de Hechos y Conclusiones de Derecho Adicionales, *Íd.,* R. 43.1 (Moción de Hechos Adicionales), y la Moción de Reconsideración, *Íd.,* R. 47. En esta ocasión, tenemos la oportunidad de discutir la interrelación de ambas mociones y los efectos que estas tienen sobre el término para apelar una determinación de instancia. Debemos resolver cuándo una Moción de Hechos Adicionales interrumpe el término para apelar, si esta también interrumpe el término para solicitar reconsideración y el efecto de una segunda Moción de Hechos Adicionales sobre estos términos.

**A.**

En primer lugar, debemos resaltar que este Tribunal debe ser celoso guardián de su jurisdicción y cerciorarnos en todo recurso que ostentamos la autoridad para considerarlo. *Souffront v. A.A.A.,* 164 DPR 663 (2005). Los tribunales jamás podrán atender los méritos de un caso que adolezca de jurisdicción. *Dalmau v. Quiñones,* 78 DPR 551, 555 (1955).

En situaciones donde exista duda sobre la jurisdicción de este Tribunal, estas deben resolverse con preferencia a cualquier otro asunto pendiente. *Morán v. Martí,* 165 DPR 356, 364 (2005). Sobre la falta de jurisdicción sobre la materia, nuestro Tribunal Supremo ha determinado que:

> La falta de este tipo de jurisdicción conlleva las siguientes consecuencias **inexorablemente fatales**: (1) esta falta de jurisdicción **no es susceptible de ser subsanada**; (2) las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni el tribunal puede abrogársela; (3) los dictámenes de un foro sin jurisdicción sobre la materia son nulos (nulidad absoluta); (4) **los tribunales tienen el ineludible deber de auscultar su propia jurisdicción**; (5) los **tribunales apelativos, además, deberán examinar la jurisdicción del foro de donde procede el recurso**, y

(6) el planteamiento de falta de jurisdicción sobre la materia **puede hacerse en cualquier etapa del procedimiento por cualquiera de las partes o por el tribunal** *motu proprio.*
*Vázquez v. A.R.Pe.*, 128 DPR 513, 537 (1991). (Citas omitidas). (Énfasis nuestro).

Por lo tanto, los tribunales apelativos tienen el deber de auscultar su propia jurisdicción, revisar la jurisdicción del TPI y desestimar recursos que adolezcan de jurisdicción, aunque una parte no haya levantado esta defensa.

**B.**

La Regla 43.1 de Procedimiento Civil, *Íd.*, R. 43.1, permite que una parte le solicite al tribunal que haga determinaciones de hechos y conclusiones de derecho adicionales. "Estas solicitudes procederán en aquellas ocasiones en las que se entienda que la sentencia debe reflejar asuntos probados que no están contenidos en la sentencia original y que son importantes para explicar e ilustrar la misma". J.A. Echevarría Vargas, *Procedimiento civil puertorriqueño,* 3ª ed. rev., Bogotá, Ed. Nomos, S.A., 2023, pág. 382; *Andino v. Topeka, Inc.*, 142 DPR 933 (1977).

A la misma vez, una parte adversamente afectada por una sentencia, orden o resolución puede solicitarle al tribunal que reconsidere su determinación. "La moción de reconsideración es un mecanismo dirigido a viabilizar el que una parte adversamente afectada, le puede peticionar al tribunal que modifique su decisión". J.A. Echevarría Vargas, *op. cit.*, pág. 387; *Patiño Chirino v. Parador Villa Antonio,* 196 DPR 439 (2016). Ésta le permite al tribunal rectificar cualquier tipo de error que haya cometido en su determinación original.

La presentación oportuna y conforme al derecho de una Moción de Hechos Adicionales y de una Moción de Reconsideración tiene el efecto de interrumpir el término para apelar un caso ante un foro apelativo. Ambas reglas disponen que estas deben ser

presentadas dentro del término de quince (15) días a partir de la notificación de la orden, resolución o sentencia.

Ahora bien, en cuanto a la interrelación de las Reglas 43.1 y 47 de Procedimiento Civil, nuestro ordenamiento dispone que ambas, cuando traten de la misma sentencia, resolución u orden, deben ser presentadas en un mismo escrito. La Regla 43.1 de Procedimiento Civil dispone que:

> No será necesario solicitar que se consignen determinaciones de hechos a los efectos de una apelación, pero a moción de parte, presentada a más tardar quince (15) días después de haberse archivado en autos copia de la notificación de la sentencia, el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes si éstas no se hubiesen hecho por ser innecesarias, de acuerdo con la Regla 42.2, podrá enmendar o hacer determinaciones adicionales o podrá enmendar la sentencia en conformidad. **Si una parte interesa presentar una moción de enmiendas o determinaciones iniciales o adicionales, reconsideración o de nuevo juicio, éstas deberán presentarse en un solo escrito y el tribunal resolverá de igual manera.** En todo caso, la suficiencia de la prueba para sostener las determinaciones podrá ser suscitada posteriormente, aunque la parte que formule la cuestión no las haya objetado en el tribunal inferior, no haya presentado una moción para enmendarlas o no haya solicitado sentencia. (Énfasis nuestro).

Por lo tanto, nuestras Reglas de Procedimiento Civil le imponen a la parte un deber de someter ambas mociones en un solo escrito. Sobre el uso de la palabra "deber", el Profesor Jorge Farinacci Fernós señala que esta "trata de un lenguaje que requiere acción. Su traducción en inglés es '*shall*'. En este contexto, habría violación a la norma si la persona llamada a llevar a cabo la acción se abstiene; **es decir, que no hay posibilidad de ejercer discreción**". J. Farinacci Fernós, *Hermenéutica puertorriqueña: Cánones de interpretación jurídica*, 1ª ed. rev., Puerto Rico, Ed. InterJuris, 2019, pág. 134 (Énfasis nuestro).

Distingamos el uso de la palabra "deberá" con el uso de la palabra "podrá". Esta segunda palabra "trata de lenguaje que sugiere autorización para actuar, sin obligación de llevar a cabo

dicha acción. Su traducción en inglés es '*may*'. En este contexto, no habría violación a la norma si la persona autorizada realiza la acción o decide, por el contrario, abstenerse". *Íd.*, pág. 133. En consecuencia, el uso de la palabra 'podrá' le permite a la persona autorizada un nivel de discreción en lo que la palabra 'deberá' elimina esta discreción. Esta interpretación ha sido acogida por el Tribunal Supremo federal al analizar las palabras "*may*" y "*shall*". Véanse *Kingdomware Technologies, Inc. v. U.S.*, 579 U.S. 162 (2016) ("When a statute distinguishes between 'may' and 'shall,' it is generally clear that "shall" imposes a mandatory duty."); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) (Statute's use of mandatory term "shall" normally creates obligation impervious to judicial discretion.); *U.S. v. Rodgers*, 461 U.S. 677 (1983) ("The word 'may,' when used in a statute, usually implies some degree of discretion.").

Este también fue la intención del Comité Asesor Permanente de Reglas de Procedimiento Civil (Comité Asesor) según el *Informe de Reglas de Procedimiento Civil de 26 de diciembre de 2007*, enmendado el 14 de marzo de 2008 (*Informe*). Sobre la presentación simultánea de la Moción de Hechos Adicionales y la Moción de Reconsideración, el Comité Asesor determinó que:

> El Comité [Asesor] enmendó la regla para aclarar que **si una parte desea presentar una solicitud al amparo de esta regla, y también interesa presentar una moción de reconsideración o de nuevo juicio deberá presentarlas en un solo escrito. Este cambio se realiza a los fines de evitar que las partes presenten escritos separadamente con miras a, entre otros motivos, suspender los términos.** La regla también dispone que el tribunal deberá resolver de la misma forma, es decir, deberá emitir una sola resolución resolviendo todas las cuestiones presentadas, de modo que empiece a transcurrir un único nuevo término.
> *Íd.*, pág. 521. (Énfasis nuestro).

### C.

Como hemos señalado, la presentación oportuna de una moción de hechos adicionales tiene el efecto de interrumpir el

término para apelar. Así los dispone la Regla 43.2 de Procedimiento Civil, *supra*:

> Presentada una moción por cualquier parte en el pleito para que el tribunal enmiende sus determinaciones o haga determinaciones iniciales o adicionales, **quedará interrumpido el término para apelar**, para todas las partes. Este término comenzará a transcurrir nuevamente tan pronto se notifique y archive en autos copia de la resolución que declara con lugar, deniega la solicitud o dicta sentencia enmendada, según sea el caso.
> (Énfasis nuestro).

Ahora bien, la Regla 43.2 de Procedimiento Civil, aunque providente en parte de la Regla 43.4 de las Reglas de Procedimiento Civil de 1979, 32 LPRA Ap. III, R. 43.4 (Reglas del 1979), sufrió unos cambios. La Regla 43.4 del 1979 disponía que:

> Radicada una moción por cualquier parte en el pleito para que el tribunal enmiende sus determinaciones o haga determinaciones iniciales o adicionales, **quedarán interrumpidos los términos que establecen las Reglas 47 [reconsideración], 48 [nuevo juicio] y 53 [apelación], para todas las partes**. Estos términos comenzarán a correr nuevamente tan pronto se archive en autos copia de la notificación de las determinaciones y conclusiones solicitadas.
> (Énfasis nuestro).

Bajo las Reglas de 1979, la presentación de una moción de determinaciones de hechos adicionales interrumpía el término para presentar tanto una moción de reconsideración como una apelación ante los foros apelativos. Sin embargo, la Regla 43.2 de Procedimiento Civil vigente solo dispone que se interrumpe el término para apelar. Ante este cambio, surge la duda sobre si la interrupción de los términos para apelar también interrumpe los términos para presentar una reconsideración. Según el Profesor Javier A. Echevarría Vargas, la respuesta es que no. Dispone Echevarría Vargas que:

> Debemos destacar que el término establecido en las anteriores reglas de 1979 era de diez (10) días y mediante estas enmiendas de 2009, no solamente se amplió el plazo a quince (15) días, sino que también se modificó la norma anterior que disponía que, no solamente se interrumpieran los términos para apelar, sino también se interrumpían los términos para la

> Reconsideración (Regla 47) y para la Solicitud de Nuevo Juicio (Regla 48). **En la actualidad, y bajo el alcance de las reglas de Procedimiento Civil de 2009, solo se entiende interrumpido el término para apelar**.
>
> J.A. Echevarría Vargas, *op. cit.*, pág. 387. (Énfasis nuestro).

Esta intención de solo aplicar la interrupción a los términos para apelar fue destacada por el Comité Asesor en su *Informe, supra*. Este señaló que:

> La regla suprimió lo referente a que la moción al amparo de esta regla interrumpiría las mociones para solicitar reconsideración o nuevo juicio, ello, de conformidad a los cambios realizados a la Regla 43.2 de 1979 (ahora Regla 42.2). **Ahora, la regla sólo dispone para la interrupción del término para solicitar apelación**, el cual comenzará a transcurrir desde la notificación del archivo en autos de copia de la notificación de la resolución acogiendo o denegando una solicitud de determinaciones de hechos o conclusiones de derecho o de la sentencia enmendada, según sea el caso. Si la fecha del archivo es distinta a la del depósito en el correo, a partir de esta última comenzará a cursar el nuevo término.
>
> *Íd.*, pág. 523. (Énfasis nuestro).

También es importante destacar que, aunque la Regla 43.2 de Procedimiento Civil dispone que la presentación interrumpe el término para apelar, esta interrupción no es automática. Para que una Moción de Hechos Adicionales interrumpa el término para apelar, "no basta que su título exprese que se piden tales determinaciones de hecho o de derecho, sino que **debe contener una relación, aunque sea sucinta, de cuáles son los hechos que a juicio del promovente no han sido determinados por el tribunal sentenciador, cuando deben serlo**". *Andino v. Topeka, Inc., supra*, pág. 938. (Énfasis nuestro). En otras palabras, la parte que solicité una determinación de hechos adicionales debe señalar específicamente, sin necesidad de un análisis profundo, cuáles son los hechos que estima probados en instancia y cuales el tribunal no incluyó en su sentencia.[8] Una moción que solicite hechos

---

[8] Mediante voz del Juez Asociado Señor Negrón García, el Tribunal Supremo de Puerto Rico ha señalado que "la práctica forense exige que toda moción sobre determinaciones de hechos adicionales o de enmienda constituya una propuesta que exponga, con suficiente particularidad y especificidad, los hechos que el

adicionales de forma general no cumple con los requisitos para interrumpir el término para apelar. *Íd.*, pág. 940. La parte tiene que poner al tribunal en posición para determinar cuáles son las determinaciones adicionales y su pertinencia.[9] Esto pues la moción al amparo de la Regla 43.1 de Procedimiento Civil no puede ser utilizada con el único fin de paralizar los términos apelativos indefinidamente. *Íd.*

**D.**

Nuestro Tribunal Supremo ha reconocido que, como norma general, una parte no podrá presentar una segunda Moción de Hechos Adicionales. En particular, ha reconocido que:

> [N]o procede una segunda solicitud de determinaciones de hecho cuando es instada debido a la insatisfacción de la parte promovente ante la negativa del tribunal de

---

promovente estima probados, y fundarse en cuestiones sustanciales relacionadas con determinaciones de hecho pertinentes o conclusiones de derecho materiales". *Andino v. Topeka, Inc.*, *supra*, pág. 939-940. (Citando a J. Cuevas Segarra, *Práctica procesal puertorriqueña*, San Juan, Pubs. J.T.S., 1979, Vol. II, pág. 230).

[9] Véase *Casiano Sales v. Lozada Torres*, 91 DPR 488, 494-496 (1964) (En este caso, la parte recurrente le solicitó al tribunal la inclusión adicional de determinaciones de hecho. El Tribunal Supremo de Puerto Rico ha reconocido esta Solicitud como un buen ejemplo de la mejor práctica al momento de solicitar determinaciones de hechos adicionales):

> Posteriormente a la sentencia, las demandantes aquí recurrentes, solicitaron de la ilustrada Sala sentenciadora la inclusión adicional de las siguientes conclusiones de hecho: '(a) La chimenea de la fábrica supuestamente utilizada para botar los vapores de pintura hacia el espacio no aparece en las fotografías ofrecidas y admitidas en evidencia como exhibit 1 y 2 y, asimismo, en la inspección ocular que se llevó a cabo donde está localizada la fábrica, se pudo comprobar que en dicho sitio no había tal chimenea en función y sí unos restos de latas completamente separados del sitio o hueco por donde debían de salir los vapores o pases de la pintura, y de haber existido alguna chimenea estaba totalmente desmantelada. (b) El hueco o sitio por donde supuestamente los vapores de pintura salían de la fábrica hacia el exterior y en donde debía de existir una chimenea, queda frente y bajo la arboleda que según la inspección ocular estaba saturada de pintura. (c) No desfiló prueba por parte del demandado para establecer que las corrientes de aire soplaban hacia la parte norte de la fábrica o sea en dirección contraria de la casa de las demandantes, y que la conclusión del Tribunal sobre ese extremo se basó en que la arboleda que da a la parte Noreste de la fábrica estaba saturada de pintura. (d) El Dr. Rafael Muñoz, perito de las demandantes, quien realizó análisis a los fines de determinar las substancias nocivas en el aire dentro de la casa de los demandantes, manifestó que en dicho sitio había una concentración de tolueno, uno de los compuestos de la pintura, que fluctuaba entre 50 y 180 partes por millón, y manifestó además el Dr. Muñoz que era permisible y seguro para la vida humana una concentración hasta de 200 partes por millón del compuesto de tolueno en la atmósfera y que una concentración menor de 200 partes por millón de dicho compuesto podía en ciertas circunstancias causar efectos nocivos. (e) En la parte norte de la fábrica existe una muralla de cemento construida por el demandado que la separa de un solar y casa propiedad de Hipólito Pérez, habiéndose construido dicha muralla a instancia del Sr. Pérez con motivo de los ruidos y vapores de pintura que provenían de la fábrica. (f) Que la casa donde residen las demandantes fue construida hace más de 30 años.

acoger las determinaciones propuestas en una primera solicitud a tales efectos. **Es decir, una parte *no* puede, a través de una segunda moción, solicitar del tribunal que evalúe *las mismas* propuestas de determinaciones de hecho que presentó en la primera moción**.

*Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 360 (2003). (Énfasis nuestro).

Para que una parte pueda presentar una segunda Moción de Hechos Adicionales, debe cumplir con dos requisitos. Primero, "esta segunda solicitud sólo procedería cuando las determinaciones de hecho y conclusiones de derecho propuestas por la parte afectada **sean distintas a las presentadas en su primera solicitud**". *Íd.*, pág. 363. (Énfasis nuestro). En segundo lugar, "éstas tendrían que **ir dirigidas y estar intrínsecamente relacionadas a las nuevas determinaciones establecidas por el tribunal**". *Íd.* (Énfasis nuestro). Por lo tanto, solo se podrá instar un segunda Moción de Hechos Adicionales cuando el tribunal haya modificado sustancialmente su sentencia, resolución u orden. Los planteamientos en la segunda Moción de Hechos Adicionales deben ser distintos a las presentadas en la primera y, además, deben estar relacionados con las nuevas determinaciones acogidas por el tribunal. Sólo cuando se cumple con ambos requisitos es que una segunda Moción de Hechos Adicionales interrumpe el término para apelar. *Íd.*, pág. 365. Esto puesto que la sentencia nueva "constituye una nueva providencia judicial distinta y separada a la original". *Íd.*, pág. 362.

Cabe destacar "que, en áreas de interés público, los tribunales tienen la obligación judicial de pasar juicio sobre la naturaleza de las circunstancias y evaluar el remedio a conceder o lo que proceda en derecho, independientemente de la forma como se solicite". *Otero Vélez v. Schroder Muñoz*, 200 DPR 76, 90 (2018). Este precepto es comúnmente reconocido como: "el nombre no hace la cosa". "Por lo tanto, **una solicitud de enmienda a las determinaciones de**

**hechos presentada en un escrito titulado 'Moción de reconsideración' debe considerarse como tal independientemente de cómo se nombre el recurso**". *Íd.* (Énfasis nuestro).

### III.

Como hemos adelantado, no podemos atender los méritos de la *Apelación* del Sr. Báez porque esta fue presentada fuera del término establecido para apelar. Por lo tanto, este Tribunal carece de jurisdicción. Veamos.

La *Resolución* del TPI fue emitida el 10 de enero de 2024 y notificada el 11 de enero de 2024. Por lo tanto, el Sr. Báez tenía hasta el viernes, 26 de enero de 2024 –quince (15) días a partir de la notificación de la *Resolución*– para presentar una Moción de Hechos Adicionales o una Moción de Reconsideración. También tenía hasta el lunes, 13 de febrero de 2024 –treinta (30) días a partir de la notificación de la *Resolución*– para presentar una apelación ante este Tribunal. El 18 de enero de 2024, el Sr. Báez presentó oportunamente una *Moción de Hechos Adicionales*. Sin embargo, luego de una lectura de la *Moción de Hechos Adicionales*, cuestionamos si esta tuvo el efecto de interrumpir el término para apelar, puesto que no surge claramente si el Sr. Báez cumplió con los requisitos sustanciales de la Regla 43.1 de Procedimiento Civil.

La moción presentada le solicita al TPI de forma general que consigne los hechos a base de los cuales fundamentó su *Resolución*. No surge de la *Moción de Hechos Adicionales* los hechos que el Sr. Báez estimó probados y no incluidos. Como hemos señalado, esta solicitud debe contener de manera sucinta y específica los hechos que la parte solicitante estime probados, pero no incluidos en la *Resolución*. Esto tiene el propósito de poner al tribunal en posición para resolver los asuntos levantados y no perpetuar los casos

innecesariamente. La moción que no cumpla con este requisito no interrumpe el término para apelar.

Aun asumiendo que la *Moción de Hechos Adicionales* presentada el 18 de enero de 2024 haya cumplido con los requisitos de forma e interrumpido el término para apelar, la *Apelación* aún estaría fuera de término. El término para apelar, interrumpido por la *Moción de Hechos Adicionales*, comenzaría a de cursar nuevamente el 19 de enero de 2024 cuando el TPI atendió y notificó su determinación en cuanto a la *Moción* presentada, por lo que el Sr. Báez tendría hasta el lunes, 19 de febrero de 2024 para presentar su *Apelación*. Al presentarla el 12 de abril de 2024, se excedió por cincuenta y tres (53) días de la fecha límite.

Por las razones que discutimos a continuación, aunque la presentación de la *Moción de Hechos Adicionales* haya interrumpido el término para presentar una reconsideración, la *Moción de Reconsideración* presentada el 30 de enero de 2024 no interrumpió el término para apelar. Como hemos señalado, y cónsono con la Regla 43.2 de Procedimiento Civil, *Íd.*, y su propósito según el Comité Asesor, la presentación de una Moción de Hechos Adicionales **únicamente** interrumpe el término para apelar. No interrumpe el término para presentar una Moción de Reconsideración. En vista de esto, la presentación de la *Moción de Reconsideración* el 30 de enero de 2024 también fue hecha fuera de término. El Sr. Báez tenía hasta el 26 de enero de 2024 para presentarla. Debemos también señalar que la *Moción de Reconsideración*, atendiendo los mismos hechos y *Resolución* que la *Moción de Hechos Adicionales*, debió haberse presentado juntamente con la *Moción de Hechos Adicionales*, en un mismo escrito. El lenguaje de la Regla 43.1 de Procedimiento Civil dispone claramente que esto es un **deber** de la parte solicitante, por lo que esta no tiene discreción para actuar de manera distinta.

Por otro lado, al TPI no modificar en lo absoluto su *Resolución* al resolver la *Moción de Hechos Adicionales*, una segunda Moción de Hechos Adicionales no hubiese interrumpido el término para apelar. La *Moción de Reconsideración* presentada por el Sr. Báez, en efecto, solicita reconsideración de la decisión del TPI de no hacer una determinación de hechos. Aunque esté titulada como *Moción de Reconsideración*, por su contenido y la súplica, esta tiene el efecto de ser una segunda Moción de Hechos Adicionales. Como hemos señalado, una segunda Moción de Hechos Adicionales sólo interrumpe el término para apelar si el TPI modificó su determinación original y si señala hechos nuevos que no pudieron ser levantados en la moción original.

Finalmente, en nuestro ordenamiento jurídico, existe una diferencia entre las determinaciones que puede hacer un tribunal al momento de disponer de una moción. Dos de las más utilizadas son el "No Ha Lugar" y el "Sin Lugar". Según la Regla 47 de Procedimiento Civil, "[l]a moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y **se entenderá que no ha interrumpido el término para recurrir"**. (Énfasis nuestro). Por lo tanto, el efecto práctico de una determinación de "sin lugar" es que esta no interrumpe los términos dispuestos en las Reglas de Procedimiento Civil. En la *Resolución* de 11 de marzo de 2024, notificada el 13 de marzo de 2024, el TPI atendió la *Moción de Reconsideración* presentada el 30 de enero de 2024 y determinó "Sin Lugar". En consecuencia, el término para apelar no quedó interrumpido.

Por todas las razones que señalamos, el *Recurso de Apelación* debió ser presentado el lunes, 13 de febrero de 2024. Al no ser así, este Tribunal carece de jurisdicción para atender los errores señalados en la misma.

**IV.**

Por las razones discutidas anteriormente, se desestima la *Moción de Apelación* presentada por el Sr. Báez al este Tribunal carecer de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones