Sánchez Martínez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
La controversia en este caso es si procede el embargo de un bien inmueble sin notificación previa ni vista a la parte demandada y sin prestación de fianza sólo porque el embargo para asegurar la efectividad de la sentencia se solicita luego de haberse adjudicado, por resolución interlocutoria, la responsabilidad civil de la parte demandada en el caso.
Enrique Rosario Robles, su esposa y la sociedad legal de gananciales constituida por ellos demandaron por incumplimiento de contrato y daños y perjuicios a Ismael Lozada Burgos, su esposa Delia Díaz Flores, la sociedad legal de gananciales compuesta por ambos y a otras personas más. La cuestión a dilucidar era si entre la parte demandante y los demandados existía un contrato de sociedad y, de haberlo, si la conducta de los demandados había constituido un incumplimiento de dicho contrato y si le había ocasionado daños.
*1120 El Tribunal de Primera Instancia, Sala Superior de Bayamón, dividió el pleito en dos etapas. En primer lugar adjudicaría la cuestión relativa a la existencia y cumplimiento del contrato de la sociedad y, en segundo lugar, de ser necesario, la cuestión relativa a los daños. Fue así como se celebró la primera fase del juicio.
Como resultado del mismo, el 21 de junio de 1994, el tribunal a quo emitió un dictamen que tituló "sentencia parcial" en el cual concluyó que existía una sociedad entre las partes y que era necesario entonces celebrar la segunda fase del juicio para adjudicar los daños que le había causado el co-demandado Ismael Lozada Burgos a los demandantes. Concluyó, además, que "[n]o existiendo razón alguna que nos impida dictar sentencia parcial sin tener que esperar a la tramitación final del caso", procedía a dictar dicha sentencia la cual ordenó también que se registrara.
Según se desprende del recurso, comenzada la segunda fase del proceso, la parte demandante solicitó mediante moción el aseguramiento de la sentencia que eventualmente pudiera dictarse. En esta época falleció el co-demandado Ismael Lozada Burgos quien fue sustituido en el pleito por sus hijos José Joaquín Lozada Díaz y Nayda Lozada Díaz. La parte demandante no notificó la moción a los demandados. Así las cosas, el 23 de enero de 1997 el tribunal a quo expidió una orden de embargo y prohibición de enajenar sobre cuatro inmuebles inscritos en el Registro de la Propiedad a nombre de los Lozada Díaz y la viuda de Lozada Burgos. Dicha orden fue emitida sin la previa celebración de vista y sin darle oportunidad a los demandados de ser oídos y sin la exigencia de la prestación de fianza.
Los Lozada Díaz y su madre acuden ante nos mediante el presente recurso de certiorari. Señalan como único error que se hubiese decretado el embargo de sus bienes sin notificación previa ni oportunidad de ser oídos y sin la prestación de la correspondiente fianza. Le concedimos un breve término a los demandantes-recurridos para que comparecieran a mostrar causa por la cual no deberíamos expedir el auto y revocar la orden recurrida. Estos comparecieron, más no a mostrar causa sino a pedir una prórroga que en este momento denegamos.
En Rivera Rodríguez & Co. v. Stowell, _ D.P.R. _ (1993), 93 J.T.S. 111, a la pág. 10934, el Tribunal Supremo resolvió que "a la luz de las disposiciones pertinentes de la Constitución de Puerto Rico y de los Estados Unidos, la vigente Regla 56.4 [de Procedimiento Civil, 32 L.P.R.A. Ap. III] es inconstitucional en tanto en cuanto permite que un tribunal expida una orden de embargo, sin la celebración de una vista previa, en aquellas situaciones en que el reclamante: no ha alegado o demostrado tener un previo interés propietario sobre la cosa embargada; no ha alegado o demostrado la existencia de circunstancias extraordinarias; ni ha alegado o demostrado la probabilidad de prevalecer mediante prueba documental fehaciente de la cual se desprenda que la deuda es una líquida, vencida y exigible. Unicamente en estas situaciones es que un tribunal podrá posponer la celebración de dicha vista hasta después de trabado el embargo". [Citas internas y escolios omitidos; énfasis suplido.]
En el caso de autos se desprende del expediente ante nos que el tribunal de instancia expidió una orden para decretar el embargo sobre varios bienes inmuebles y una prohibición de enajenar que grava todos los bienes muebles e inmuebles de la parte demandada sin celebrar una vista adversativa y sin que la parte demandante alegara o demostrara que tenía un previo interés propietario en los bienes a ser embargados, que no fuera el de asegurar la ejecución de la futura sentencia que pudiera decretarse a su favor.
De otro lado, es evidente que el relevo de la obligación de prestar fianza para el embargo estuvo predicada, según surge de la misma orden recurrida, en que el embargo se hacía para asegurar una "Sentencia Parcial, Final, Firme e Inapelable". Este dictamen también es erróneo. La llamada "sentencia parcial" de 21 de junio de 1994, es una resolución interlocutoria sin más vocación de sentencia final que su frágil título. No estamos ante un caso de reclamaciones múltiples en el que se hubiese adjudicado la totalidad de alguna de las reclamaciones en cuyo caso el tribunal de primera instancia hubiese podido hacer la certificación de finalidad que permite la Regla 43.5 de Procedimiento Civil, supra. Estamos ante un caso de una sola reclamación que por conveniencia procesal se dividió en dos etapas para facilitar su tramitación y que, por ende, no cualifica para ser una sentencia parcial final. Véase Cortés Román v. E.L.A., 106 D.P.R. 504 (1977). Una resolución *1121 interlocutoria jamás puede aspirar a convertirse en sentencia parcial ni siquiera cuando el juez, como en el caso de autos, la revista de apariencia de finalidad con la certificación provista en la Regla 43.5. First Federal Savings Bank v. Nazario, _ D.P.R. _ (1995), 95 J.T.S. 101. Como cuestión de realidad jurídica, lo resuelto en dicha "sentencia parcial" podrá ser revisado mediante recurso de apelación cuando recaiga la sentencia final en este caso. Regla 43.5 de Procedimiento Civil, supra; Cárdenas Maxán v. Rodríguez, 119 D.P.R. 642 (1987); Cortés Román v. E.L.A., supra.
Concluimos, pues, que la orden de embargo emitida por el tribunal de primera instancia en el presente caso privó a los demandados de un derecho propietario sin un debido proceso de ley en violación de la Sección 7, Artículo II, de la Constitución del Estado Libre Asociado de Puerto Rico y de las Enmiendas V y XIV de la Constitución de los Estados Unidos según resuelto en Rivera Rodríguez & Co. v. Stowell, supra.
Con estos antecedentes, se expide el auto solicitado y se revoca la orden recurrida. Antes de decretar cualquier otro embargo deberá notificársele la moción a las partes y el tribunal deberá celebrar una vista adversativa en la que determinará la procedencia del embargo solicitado por la parte demandante sobre cualesquiera de los bienes pertenecientes a los demandados, así como el monto de la fianza a prestarse.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 97 DTA 69
1. También ordenó hacer una auditoría en los libros del negocio operado por la sociedad.