| | | |
|---|---|---|
| CONSEJO DE TITULARES CONDOMINIO LOS CORALES<br><br>Apelado<br><br>v.<br><br>RAFAEL PÉREZ POR SÍ Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA CON JESSICA FIGUEROA; JESSICA FIGUEROA, POR SÍ Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA CON RAFAEL PÉREZ; LA SOCIEDAD LEGAL DE BIENES COMPUESTA POR RAFAEL PÉREZ Y JESSICA FIGUEROA; PMI CENTRAL; COMPAÑÍAS "A", "B", "C", SUBSIDIARIAS, FAMILIAS, AMIGAS, HIJAS, CREACIONES, AFILIADAS DE PMI CENTRAL; FULANO DE TAL Y COMPAÑÍA ASEGURADORA X, Y, Z<br><br>Apelantes | KLAN202400726 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: MZ2023CV00500<br><br>Sobre: Condominio (Ley 129-2020), Daños |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Rodríguez Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de septiembre de 2024.

Comparece el señor Rafael Pérez, la señora Jessica Figueroa, la sociedad legal de gananciales compuesta por ambos y PMI Central (en conjunto, parte apelante) y solicitan que revisemos la sentencia emitida y notificada el 28 de junio de 2024, por el Tribunal de Primera Instancia (en adelante; TPI), Sala de Mayagüez. Mediante el referido dictamen, el foro apelado impuso a la parte apelante una sanción a tenor con lo dispuesto en el Artículo 49 de la *Ley de*

*Condominios de Puerto Rico,* infra, ante su incumplimiento con el proceso de transición administrativa entre las juntas de directores del Condominio Los Corales.

Por los fundamentos que se exponen a continuación, procede confirmar la sentencia apelada.

## I.

El 29 de marzo de 2023, el Consejo de Titulares del Condominio Los Corales (en adelante, Consejo de Titulares) - comunidad sujeta al régimen de propiedad horizontal - presentó la demanda del caso de epígrafe contra la parte apelante. En síntesis, alegó que el Sr. Rafael Pérez, al fungir como presidente de la Junta de Directores del Condominio Los Corales (en adelante, Condominio) y como su administrador por conducto de PMI Central, incumplió con el proceso de transición administrativa entre la Junta de Directores saliente y entrante del Condominio. El Consejo de Titulares solicitó el resarcimiento de los daños patrimoniales producto del incumplimiento y las angustias mentales sufridas por sus miembros.

El 1 de mayo de 2023, se realizó el diligenciamiento personal de los emplazamientos. Ante la falta de alegación responsiva de la parte apelante, el Consejo de Titulares solicitó que se le anotara la rebeldía. El 20 de junio de 2023, el TPI dictó la resolución en la que le anotó la rebeldía al Sr. Rafael Pérez, la Sra. Jessica Figueroa, la sociedad legal compuesta por éstos y a PMI Central.

Luego, el 5 de julio de 2023, el Consejo de Titulares solicitó al TPI que dictara sentencia en rebeldía contra la parte apelante según los documentos que acreditaban las alegaciones de su demanda. El 9 de agosto de 2023, el TPI emitió y notificó la *Sentencia Parcial* en rebeldía contra la parte apelante y declaró con lugar la acción sobre incumplimiento de transición administrativa de la Junta de Directores.

El dictamen incluyó 43 determinaciones de hechos. En éstas, en síntesis, el TPI determinó que, el 3 de diciembre de 2022, el Consejo de Titulares celebró una Asamblea Extraordinaria en la que eligió una nueva Junta de Directores. El 7 de diciembre de 2022, le notificó formalmente al Sr. Rafael Pérez y a PMI Central el resultado de la elección y le solicitó que realizaran la transición administrativa conforme a lo establecido en el Artículo 49 de la *Ley Condominios de Puerto Rico*, Ley Núm. 129-2020, 31 LPRA sec. 1922u. A la fecha en que se emitió la sentencia parcial, éstos no habían realizado la transición de la información financiera y administrativa necesarias para gobernar el Condominio. En virtud de lo anterior, el foro primario concluyó que la parte apelada infringió el mencionado Artículo 49 al no realizar una transición adecuada entre la Junta de Directores saliente y la Junta entrante del Condominio. Solamente quedó pendiente de adjudicar la reclamación en daños y la cuantía de la sanción a ser impuesta en virtud de citado Artículo 49 de la Ley de Condominios.[1] Esta *Sentencia Parcial* notificada el 9 de agosto de 2023, advino final y firme.

El juicio en su fondo para adjudicar la reclamación en daños y la cuantía de la sanción a ser impuesta se celebró el 3 de junio de 2024. De la minuta[2] de la vista surge que el Consejo de Titulares presentó el testimonio de la señora Elba Raquel Ramos, presidenta de la nueva Junta de Directores del Condominio. En el examen directo de esta testigo, se admitió y marcó la siguiente prueba documental:

> Exhibit 1 de la parte demandante – Carta de PMI Central PR dirigida a la Asociación de Titulares Los Corales de Boquerón.

> Exhibit 2 de la parte demandante – Notificación de correo electrónico, enviado por Elba Raquel Ramos a Rafael Pérez, informando la nueva Junta de Directores.

---

[1] Véase, Apéndice I del *Alegato del Consejo de Titulares Condominio Los Corales.*
[2] Véase, entrada núm. 26 el expediente electrónico del caso MZ2023CV00500 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Durante el contrainterrogatorio de la señora Elba Raquel Ramos, se marcó y admitió la siguiente prueba documental:

Exhibit A de la parte demandada – Correo electrónico del 1 de diciembre de 2022.

Exhibit B de la parte demandada - Correo electrónico del 2 de diciembre de 2022.

Exhibit C de la parte demandada - Correo electrónico del 15 de diciembre de 2022.

Luego de evaluar la prueba desfilada y admitida en evidencia, el 28 de junio de 2024, el TPI emitió y notificó la *Sentencia* apelada. En su pronunciamiento, consignó las siguientes determinaciones de hechos:

1. Del Exhibit 1 de la parte demandante surge una carta suscrita por el Agente Administrador PMI Central, la cual está fechada el 1 de noviembre de 2022 y fue dirigida a los titulares de Corales de Boquerón.

2. La carta (Exhibit 1 de la parte demandante) informa que, a partir del 1 de noviembre de 2022, la Asociación de Titulares Los Corales de Boquerón, no contará con los directivos Presidente y Tesorero ni con un ente administrador. Además, exhorta a convocar una asamblea extraordinaria para establecer una junta de directores, la aprobación de renovación de seguro que vence el 30 de noviembre de 2022 y establecer su presupuesto anual.

3. Por otra parte, según surge del Exhibit 1 de la parte demandante el Agente Administrador PMI Central reconoce que una vez establecida la nueva Junta de Directores procedía hacer una transición entre la Junta de Directores saliente y la Junta de Directores entrante.

4. El 7 de diciembre de 2022 la parte demandante suscribió un correo electrónico dirigido a Rafael Pérez y PMI Central en la cual se notifica que se celebró una Asamblea Extraordinaria y se eligió a una nueva Junta de Directores informando quienes fueron los titulares electos (Exhibit 2 de la parte demandante).

5. Del Exhibit 2 de la parte demandante también se desprende una solicitud formal para que se realice la transición administrativa entre las juntas de directores, esto de conformidad a lo establecido en el Artículo 49 de la Ley de Condominios.

6. El Exhibit 2 de la parte demandante establece que por mandato del Consejo de Titulares se concedía un término de 30 días para realizar la transición entre las juntas.

7. El Exhibit 2 de la parte demandante advierte que de incumplir con la transición entre las juntas se exponía a sanciones de conformidad con el Artículo 49 de la Ley de Condominios.

8. El término de 30 días vencía el 6 de enero de 2023.

9. Entre el 6 de enero de 2023, fecha en que se venció el término para completar la transición, y el día de la vista en su fondo, el 3 de junio de 2024, transcurrieron un total de 514 días sin que se completara la transición entre las juntas.

10. La parte demandada, al estar en rebeldía, no pudo presentar prueba a su favor. No obstante, presentó los exhibits A, B y C, los cuales comprenden correos electrónicos enviados los días 1, 2 y 15 de diciembre de 2022 a la nueva Junta de Directores.

11. A pesar de que hubo un intercambio de documentos de la parte demandada hacia la parte demandante, de los exhibits A, B y C de la parte demandada no surge que se haya completado una transición adecuada tomando en consideración las personas que intervinieron. (Negrillas suprimidas).[3]

Cónsono con las anteriores determinaciones, y luego de esgrimir el contenido aplicable del Artículo 49 de la *Ley de Condominios de Puerto Rico*, el TPI concluyó que la parte apelante quebrantó lo dispuesto en el referido Artículo 49 al no cumplir con sus obligaciones de transición administrativa entre la Junta de Directores saliente y entrante. Apuntó que el intercambio de documentos habido durante el proceso de transición no se había completado de manera adecuada. Así, conforme al Artículo 66 de la misma legislación, 31 LPRA, sec. 1923k, el TPI asumió jurisdicción y competencia para imponer la sanción correspondiente por cada día de incumplimiento. De tal modo, impuso a la parte apelante una sanción solidaria de $50.00 diarios a partir del 7 de enero de 2023, y por cada día que persistiera el incumplimiento a partir de dictada la sentencia. Además, impuso el pago de los intereses aplicables desde la fecha en que se impuso la sanción hasta que fuese satisfecha, a razón de un 8.00%, a tenor con la Regla 44.3 de

---

[3] Véase, *Sentencia*. Apéndice del recurso, págs. 1-6, a las págs. 3-4.

Procedimiento Civil. Respecto a los daños reclamados, el TPI resolvió que el Consejo de Titulares no probó las alegaciones de daños y perjuicios.

Inconforme con lo resuelto, el 29 de julio de 2024, la parte apelante acudió ante este Tribunal y planteó los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al disponer en la sentencia que: "A pesar de que hubo un intercambio de documentos de la parte demandada hacia la parte demandante, de los exhibits A, B, y C de la parte demandada no surge que se haya completado una transición adecuada tomando en consideración las personas que intervinieron".

> Erró el Tribunal de Primera Instancia al determinar que "El Tribunal impone contra los demandados una sanción solidaria de $50.00 diarios a partir del 7 de enero de 2023 hasta la fecha presente y continuará imponiendo dicha sanción por cada día que persista el incumplimiento a partir de dictada esta sentencia".

(Negrillas suprimidas).

El Consejo de Titulares presentó su alegato en oposición el 27 de agosto de 2024.

Con el beneficio de la comparecencia de las partes, resolvemos.

## II.

### A.

En nuestra jurisdicción, los condominios sometidos al régimen de propiedad horizontal están sujetos a la Ley Núm. 129-2020, conocida como la *Ley de Condominios de Puerto Rico,* 31 LPRA. Sec. 1921 *et seq.* En cuanto a los poderes y deberes del Consejo de Titulares, el Artículo 49 de la referida ley dispone, en lo pertinente:

> Corresponde al Consejo de Titulares:

> [...]

> No obstante lo anterior, los directores salientes o que hayan cesado en sus funciones, tendrán la obligación de participar, asistir y procurar que se lleve a cabo el proceso de transición entre la Junta de Directores saliente y la entrante, incluyendo su deber de suministrar documentos, datos, libros, registros y

cualquier otra información, que sea en formato físico, electrónico o digital, relevante a la administración y buen gobierno del régimen. Además, tendrán la obligación de asistir y firmar los documentos necesarios para el traspaso de firmas ante las entidades bancarias pertinentes. El incumplimiento de un director con estas obligaciones dará lugar a que se le imponga responsabilidad pecuniaria en su capacidad personal y/o la imposición de sanciones de hasta cien dólares ($100.00) por cada día que se encuentre en incumplimiento con lo dispuesto en este inciso, conforme disponga el foro con jurisdicción.

[...]. 31 LPRA sec. 1922u.

## B.

En nuestro ordenamiento jurídico, los derechos y las obligaciones que han sido objeto de adjudicación judicial, mediante dictamen firme, constituyen la ley del caso.[4] En *Cacho Pérez v. Hatton Gotay y otros,* 195 DPR 1 (2016), el Tribunal Supremo expreso que, de ordinario, las controversias que han sido adjudicadas por el foro primario o por un tribunal apelativo no pueden reexaminarse.[5] Las determinaciones judiciales que constituyen la ley del caso incluyen todas aquellas cuestiones finales consideradas y decididas por el tribunal.[6] Esas determinaciones, como regla general, obligan tanto al Tribunal de Primera Instancia como al que las dictó si el caso vuelve ante su consideración.[7] La doctrina de la ley del caso solo puede invocarse cuando exista una decisión final de la controversia en sus méritos.[8] No obstante, en situaciones excepcionales, si el caso vuelve ante la consideración del tribunal y éste entiende que sus determinaciones previas son erróneas y pueden causar una grave injusticia, puede aplicar una norma de derecho distinta.[9]

## III.

---

[4] *Berkan et al. v. Mead Johnson Nutrition,* 204 DPR 183, 200 (2020).
[5] *Íd.,* pág. 9.
[6] *Félix v. Las Haciendas,* 165 DPR 832, 843 (2005).
[7] *Íd.*
[8] *Íd.*
[9] *Cacho Pérez v. Hatton Gotay y otros,* supra, pág. 9.

En sus señalamientos de error, la parte apelante indica que la prueba desfilada no fue suficiente para demostrar que ésta había incumplido la obligación impuesta por ley de llevar a cabo el proceso de transición administrativa entre las juntas de directores del Condominio. Así, partiendo del supuesto de que no se estableció el incumplimiento con dicha obligación, la parte apelante arguye que el TPI erró al imponerle presidente saliente, Sr. Rafael Pérez, en su carácter personal, el pago solidario de la sanción dispuesta en el Artículo 49, *supra.*

Sin embargo, la parte apelante evade que, el 9 de agosto de 2023, el TPI dictó y notificó la *Sentencia Parcial* en rebeldía en la que resolvió que la parte apelada no realizó un proceso de transición administrativa adecuado entre la Junta de Directores saliente y entrante del Condominio, incumpliendo así con la obligación que le impone el Artículo 49, *supra.* Esta *Sentencia Parcial* dictada en rebeldía advino final y firme, y constituye la ley del caso.

En dicho dictamen, el TPI entendió que las alegaciones expuestas por el Consejo de Titulares resultaban suficientes para dictar la sentencia parcial en rebeldía y declarar con lugar la demanda en cuanto a la causa de acción por incumplimiento del proceso de transición administrativa entre las juntas de directores del Condominio.[10] Si la parte apelante interesaba revisar la sentencia parcial dictada en rebeldía el 9 de agosto de 2023, debió agotar los mecanismos de revisión disponibles. Sin embargo, no lo hizo.

Acceder a la solicitud de la parte apelante para que se revise la determinación relativa al incumplimiento con su obligación de llevar a cabo el proceso de transición administrativa entre las juntas

---

[10] Un trámite en rebeldía tiene la repercusión de que se estiman aceptadas y ciertas todos los hechos correctamente alegados en la demanda. El tribunal tiene que evaluar si de esas alegaciones existen los elementos de la causa de acción y amerita el remedio solicitado. *Mitsubishi Motor Sales v. Lunor y otros,* 212 DPR 807, 825 (2023).

de directores del Condominio, tendría el efecto de revisar una sentencia parcial que advino final y firme. La parte apelante no ha presentado ante este Tribunal razón alguna que justifique apartarnos del principio de la ley del caso y rechazar lo resuelto en la *Sentencia Parcial* dictada en rebeldía del 9 de agosto de 2023.

Además, el Artículo 49, *supra,* dispone que el incumplimiento de un director saliente con su obligación de participar y procurar que se lleve a cabo el proceso de transición entre la Junta de Directores saliente y la entrante - incluyendo su deber de suministrar información relevante a la administración y buen gobierno del régimen - dará lugar a que se le imponga responsabilidad pecuniaria en su capacidad personal y/o la imposición de sanciones de hasta cien dólares ($100.00) por cada día que se encuentre en incumplimiento con lo dispuesto. Por tanto, adjudicado en los méritos el asunto del incumplimiento de la parte apelante con el proceso de transición administrativa, y siendo el TPI el foro con jurisdicción para imponer la sanción correspondiente, procedía que dicho foro condenara al Sr. Rafael Pérez al pago solidario de la sanción fijada.[11]

La parte apelante no nos ha puesto en condición de evaluar su planteamiento relativo a que el TPI se equivocó al condenar al Sr. Rafael Pérez en su carácter personal al pago solidario de la sanción impuesta de conformidad con el Artículo 49, *supra.* Este Tribunal no puede descansar únicamente en alegaciones como criterio para revisar dictámenes. En vista de lo anterior, no encontramos razones para variar las determinaciones y conclusiones emitidas por el TPI en la sentencia apelada. En consecuencia, concluimos que no se cometieron los errores señalados por la parte apelante, por lo que procede confirmar el dictamen apelado.

---

[11] La parte apelante no impugnó la cuantía de la sanción.

**IV.**

Por los fundamentos que antecede, se confirma la sentencia apelada.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El juez Sánchez Ramos disiente con voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| | | |
|---|---|---|
| CONSEJO DE TITULARES CONDOMINIO LOS CORALES<br><br>Apelado<br><br>v.<br><br>RAFAEL PÉREZ POR SÍ Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA CON JESSICA FIGUEROA; JESSICA FIGUEROA, POR SÍ Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA CON RAFAEL PÉREZ; LA SOCIEDAD LEGAL DE BIENES COMPUESTA POR RAFAEL PÉREZ Y JESSICA FIGUEROA; PMI CENTRAL; COMPAÑÍAS "A", "B", "C", SUBSIDIARIAS, FAMILIAS, AMIGAS, HIJAS, CREACIONES, AFILIADAS DE PMI CENTRAL; FULANO DE TAL Y COMPAÑÍA ASEGURADORA X, Y, Z<br><br>Apelantes | KLAN202400726 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: MZ2023CV00500<br><br>Sobre: Condominio (Ley 129-2020), Daños |



Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

**VOTO DISIDENTE DEL JUEZ SÁNCHEZ RAMOS**

Contrario a lo que plantea la parte demandante, sí tenemos jurisdicción, en esta etapa, para determinar si es errónea la mal denominada *Sentencia Parcial* del 9 de agosto de 2023 (la "Resolución"). Como la Resolución <u>no</u> era una sentencia apelable, ni el tipo de dictamen interlocutorio en conexión con el cual estábamos autorizados a expedir un auto de *certiorari*, la parte apelante, no solamente podía, sino que **tenía que esperar**, como lo hizo, a que el Tribunal de Primera Instancia dictase una sentencia

final para apelar la misma y, en ese contexto, señalar los errores que entiende cometió el TPI.

Una sentencia es la determinación del tribunal que resuelve en definitiva la "cuestión litigiosa" y de la cual pude apelarse. Regla 42.1 de las Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 42.1. La sentencia es final cuando se adjudican las controversias habidas en el litigio y se determinan los derechos de las partes, en forma tal que no quede pendiente nada más que la ejecución de la sentencia. *García Morales v. Padró Hernández,* 165 DPR 324 (2005); *First Federal Savings Bank v. Nazario González,* 138 DPR 872 (1995); *Falcón Padilla v. Maldonado Quirós,* 138 DPR 983 (1995).

En cambio, una resolución es el dictamen que "[...] adjudica un incidente respecto al procedimiento o a los derechos y obligaciones de algún litigante o en cuanto a algún aspecto de la reclamación o reclamaciones que se dilucidan en el proceso [...]". *García Morales,* 165 DPR, a la pág. 332; Regla 42.1 de Procedimiento Civil, *supra* (definiendo el término "resolución").



Aun si el TPI denomina un dictamen como "sentencia", el mismo será una resolución interlocutoria si no dispone totalmente de alguna causa de acción. Como tal, estaremos realmente ante una "resolución que solo puede ser revisada mediante un recurso de *certiorari*". *García Morales,* 165 DPR, a las págs. 334-335; véase, también, *Rodríguez Medina v. Mehne,* 168 DPR 570, 577 (2006); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 95 (2008). Por lo tanto, no es el nombre, o la denominación del dictamen, lo que determina si el dictamen que se revisa es una resolución o una sentencia. *A.R.PE. v. Coordinadora,* 165 DPR 850 (2005).

Por su parte, el Artículo 4.006(a) de la Ley Núm. 201-2003, conocida como Ley de la Judicatura de Puerto Rico de 2003, dispone que este Tribunal solo puede revisar, mediante recurso de apelación, las sentencias <u>finales</u> dictadas por el Tribunal de Primera

Instancia. Por el contrario, el acápite (b) del citado artículo, dispone, que las resoluciones y órdenes del Tribunal de Primera Instancia están sujetas a revisión por este Tribunal mediante el recurso del *certiorari*.

En cuanto a las resoluciones interlocutorias, en ciertos casos, las mismas pueden ser revisadas por este Tribunal mediante el auto de *certiorari*. El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al v. BBVAPR*, 185 DPR 307 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García Morales, supra*. La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40, establece los criterios a examinar para ejercer nuestra discreción.

La Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari*; al respecto, dispone, en lo pertinente (énfasis suplido):



> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido** por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. ...

En este caso, la Resolucion, al dictarse, no era final, pues no se trató de una sentencia ejecutable, al haber el TPI expresamente dejado para una etapa posterior la determinación de daños. La norma bien establecida, desde hace varias décadas, es una determinación de responsabilidad, negligencia, o culpa, no es

apelable, si no se dispone también sobre las consecuencias concretas, típicamente, los daños ocasionados. Véase, por ejemplo, *Díaz v. Navieras de P.R.*, 118 DPR 297, 301-02 (1987) (citando *Cortés Román v. ELA*, 106 DPR 504, 511 (1977), y *Dalmau v. Quiñones*, 78 DPR 551 (1955)).

Aquí, a través de la Resolución, el TPI no dispuso de causa de acción alguna, ni concedió remedio alguno a la parte demandante. No emitió un dictamen ejecutable; únicamente adelantó su criterio de que la parte demandada no había cumplido con ciertas obligaciones que la ley le imponía. Por tanto, la Resolución, independientemente de cómo la denominase el TPI, constituyó una resolución interlocutoria.



Por tanto, la parte demandada estaba impedida de apelar, o solicitar la revisión directa de, la Resolución. Adviértase que lo determinado por el TPI en la Resolución, en cuanto a la supuesta responsabilidad de la parte demandada, no es el tipo de dictamen interlocutorio contemplado por la Regla 52.1, *supra*.

Así pues, la única opción que tenía la parte demandada era esperar a que el TPI dictase una sentencia final para apelar la misma, como lo hizo a través del recurso de referencia. A través de la apelación, la parte demandada podía, como lo hizo, señalar cualquier error que entendiese el TPI había cometido durante el proceso que culminó en la sentencia final, incluido lo relacionado con las conclusiones del TPI, contenidas en la Resolución, en cuanto a su supuesto incumplimiento con ciertas obligaciones impuestas por la ley.

Correspondía, entonces, que este Tribunal examinase detenidamente la prueba oral y documental que desfiló ante el TPI con el fin de determinar si, en los méritos, actuó correctamente el TPI al concluir que la parte demandada incumplió con las referidas obligaciones legales.

Por los anteriores fundamentos, disiento.

En San Juan, Puerto Rico a _25_ de septiembre de 2024.

Hon. Roberto Sánchez Ramos
Juez de Apelaciones